ORSON AVERY ET AL. v. HENRY STEPHENS ET AL.

*Homestead—Land unoccupied when attached not exempt.*

Land under attachment levy cannot be brought within the homestead exemption merely by occupying it before the levy of execution.

An attachment lien binds until an execution can be levied.

An execution levy relates back to the levy of an attachment so as to hold the interest then owned by the defendant.

Appeal from Lapeer. Submitted April 12. Decided April 25.

BILL to vacate execution sale. Dismissal affirmed.

*Baldwin & Draper* for complainant. Occupation is the same thing as possession within the meaning of the homestead law: *Walters v. People* 21 Ill. 178; a homestead right is not destroyed by leasing the homestead if the lessor means to re-occupy: *Bunker v. Paquette* 37 Mich. 79;

*Brinkerhoff v. Everett* 38 Ill. 263; *Wiggins v. Chance* 54 Ill. 175; *Potts v. Davenport* 79 Ill. 456; *Smith v. People* 44 Ill. 16; where one sells his homestead with intent to buy another, and buys one without unreasonable delay, it is exempt from debts contracted after the sale: *Benham v. Chamberlain* 39 Ia. 358; though when a homestead exemption has ceased to exist and the homestead has become liable to levy and sale, the first levy thereafter will bind it whether issued on an original or a junior judgment: *Bliss v. Clark* 39 Ill. 591; the time for fixing the homestead right is after levy and before sale: *Herschfeldt v. George* 6 Mich. 456.

*Geer & Williams* for defendants. Ownership and occupancy are necessary to a homestead right: *Coolidge v. Wells* 20 Mich. 87; *Beecher v. Baldy* 7 Mich. 501; *Wisner v. Farnham* 2 Mich. 475; *Christy v. Dyer* 14 Ia. 440; *Hansford v. Holdam* 14 Bush 212; *Upman v. Second Ward Bank* 15 Wis. 453; *Campbell v. Ayres* 18 Ia. 255; *Hale v. Heaslip* 16 Ia. 452; *Hyatt v. Spearman* 20 Ia. 510; *Tillotson v. Millard* 7 Minn. 513; *Sumner v. Sawtelle* 8 Minn. 309; *Kresin v. Mau* 15 Minn. 116; *Kelly v. Dill* 23 Minn. 435; *Cary v. Tice* 6 Cal. 626; *Benedict v. Bunnell* 7 Cal. 245; *Spaulding v. Crane* 46 Vt. 292; *Jarvais v. Moe* 38 Wis. 440; *Weisbrod v. Daenicke* 36 Wis. 73; *Tourville v. Pierson* 39 Ill. 447; *Kitchell v. Burgwin* 21 Ill. 40; *Hoitt v. Webb* 36 N. H. 158; levy of execution relates back to the levy of attachment and holds the interest then owned by defendants: *Brown v. Williams* 31 Me. 403; *Hannahs v. Felt* 15 Ia. 141; *Bank v. Canal Co.* 6 Hill 362; and an acquired lien cannot be divested: *Yost v. Devault* 3 Ia. 345; *Lucas v. Pickel* 20 Ia. 490; *McCormick v. Wilcox* 25 Ill. 274; *Rix v. McHenry* 7 Cal. 89; an attachment cannot be defeated by taking possession of the premises as a homestead between the levy of the attachment and of the execution: *Baird v. Trice* 51 Tex. 556, overruling *Stone v. Darnell* 20 Tex. 11; *Bullene v. Hiatt* 12 Kan. 100; *Bowker v. Collins* 4 Neb. 494; *Robinson v. Wilson* 15 Kan. 595; *Kelly v. Dill* 23 Minn. 435.

MARSTON, J. This was a bill filed to set aside an execution sale of certain lands claimed as a homestead. The complainant purchased and obtained a deed of the premises in question April 3d, 1879. At this time and until December 16, 1879, complainant, with his family, was residing upon another parcel of land in an adjoining county. He had, however, after his purchase, and before removing upon the land, placed a third person in possession of the land to take charge of and till it for him.

On July 21, 1879, a writ of attachment was issued out of the circuit court of Lapeer county, in a cause wherein Stephens was the plaintiff and this complainant the defendant, and a levy by virtue thereof was made upon this land. The cause proceeded to trial and judgment, execution was issued, and these lands levied on by virtue thereof January 27, 1880. It is claimed that as the complainant was in the actual possession of the premises, claiming the same as his homestead prior to and at the time of the execution levy in January, 1880, the same was exempt from levy and sale under the execution.

The defendant in this case claims that as this was *not* the homestead at the time of the attachment levy, the lands were not then exempt, and that the defendant in that case could not afterwards defeat the levy so made, by taking actual possession and claiming the lands as a homestead.

It is not and could not successfully be claimed that these lands constituted complainant's homestead, prior to the time he with his family took actual possession thereof in December. Up to this time his domicile and place of residence was with his family, in an adjoining county. And had an execution been issued and a levy been made thereunder previous to December there can be no doubt whatever but that the levy would have been good, as the essential requisites of a homestead up to this time were wanting.

The statute provides that the writ of attachment shall command the sheriff to attach so much of the lands, etc., of the defendant *not exempt from execution,* wheresoever the same may be found within the county, and the sheriff is directed to execute the writ by seizing the lands. §§ 6401,

6402. The statute farther declares that real estate shall be bound, and the attachment shall be a lien thereon, from the time when it was attached, on complying with certain provisions, which was done in this case. § 6406. Where due diligence has been observed by the creditor in the prosecution of his claim, this lien continues until a reasonable time has elapsed for the issuing of an execution and levy thereunder, and there can be no doubt but that the execution levy relates back to the time of the attachment and holds the interest which the debtor then had.

It would seem to be too clear for controversy, that the debtor by his own voluntary act could not by taking possession and claiming the property as his homestead defeat the attachment lien thus created. If he has this power, then in most cases where real estate is levied on by virtue of an attachment, the debtor, by a sale of part of his property, can in many cases defeat the security thus obtained. In like manner, where personal property not exempt has been seized, by a sale of exempt property prior to an execution levy the debtor could release property from the levy made by claiming it as exempt. It is not thus in the power of the debtor to deprive the creditor of the benefit of a security which the law gives to him, and the authorities cited in the brief of counsel for defendants fully sustain the views thus expressed.

We find nothing in the Constitution that would give any color whatever to the right of the creditor to defeat the lien so acquired under an attachment. It is true that the Constitution only exempts the homestead from a forced sale on execution or other final process, but this does not by implication, even, destroy a levy previously made. Were this provision construed literally, it would only prevent a sale under an execution or other final process, while permitting a levy by virtue thereof. No such construction can be given this clause, and the practical construction always has been otherwise.

The decree of the court below dismissing the bill must be affirmed with costs.

The other Justices concurred.