DOUGALD McARTHUR v. DAVID D. OLIVER AND THE PRENTISS LUMBER CO.

60 605
113 180

*Replevin—If property not seized and plaintiff proceeds for value, suit becomes essentially a personal action—Is governed by same rules as a trover suit—Tenant in common, if entitled to possession, may maintain replevin against wrong-doer who is a stranger to the title—Fraudulent conveyance—In absence of proof of, grantor has no leviable interest in the land conveyed—After-acquired title will not inure to benefit of levy—Such titles do not pass by deed on execution sale—But only interest of judgment debtor in land at time of levy.*

1. In a replevin suit, where the property is not seized upon the writ, and the plaintiff proceeds for its value, the suit becomes essentially a personal action, and is governed by the same principles as an action of trover for the conversion of the property.

2. A tenant in common who is entitled to the possession of an undivided interest in personal property can maintain replevin against a wrong-doer who is a stranger to the title. (See note, page 609.)

3. In the absence of proof of a *fraudulent* conveyance of land to the person holding the *legal* title, the grantor has no leviable interest in the

land conveyed. Fraud will not be presumed in such a case, and if the grantor afterwards becomes the owner of the land, such fact will not inure to the benefit of the judgment creditor so as to make his levy good by relation.

4. After-acquired titles or interests do not pass by virtue of an execution sale and the deed thereunder, the purchaser acquiring only the rights and interests that the debtor had in the lands at *time* of the attachment or execution levy. How. Stat. § 6108.

Error to Alpena. (Emerick, J.) Argued February 11, 1886. Decided April 15, 1886.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Turnbull & Dafoe,* for appellant:

Whether *replevin* can or cannot be maintained between tenants in common depends wholly upon the case made under the facts: *Sutherland v. Carter,* 52 Mich. 471; but the question is entirely eliminated from this case for, as the property was *not found,* the action became a *personal* one in *trover* for its value, the actual pursuit of same ceasing on the return of the writ, showing its non-seizure: *Parmalee v. Loomis,* 24 Mich. 243; *Clark v. Dunlap,* 50 Id. 493; Sutherland on Damages, Vol. 3, 544.

That a tenant in common can maintain trover against his cotenant for the conversion of the common property is well settled:. *Webb v. Mann,* 3 Mich. 139; *Ripley v. Davis,* 15 Id. 75–82; *Bray v. Bray,* 30 Id. 479; *Grove v. Wise,* 39 Id. 161; *Hyde v. Stone,* 9 Cowen, 230; *White v. Osborn,* 21 Wend. 72.

The plaintiff had a right to levy on the land notwithstanding the deed from Oliver to Cunningham was absolute on its face, for there is no conveyance of property exempt from attack by creditors: *Herschfeldt v. George,* 6 Mich. 456; *Pierce v. Hill,* 35 Id. 194; *Darling v. Hurst,* 39 Id. 765; *Messmore v. Huggard,* 46 Id. 558–65; *Cranson v. Smith,* 47 Id. 190.

*Geo. H. Sleator,* for defendants:

At time of the levy and sale the legal title to the land levied upon stood in Robinson and Cunningham. The judgment debtor had at most but an equitable interest, which had not been fixed and determined at time of such sale, and no

proceedings were taken by plaintiff within one year thereafter to determine said interest; the sale was therefore void: How. Stat. § 6108; *Whiting v. Butler*, 29 Mich. 126; *Grover v. Fox*, 36 Id. 459; *Cranson v. Smith*, 47 Id. 192; *Messmore v. Huggard*, 46 Id. 558–65.

The decree in the U. S. Court cannot avail to obviate the necessity for action under § 6108 to ascertain and determine the interest of the judgment debtor. The plaintiff was not a party to the suit in that court, nor was it instituted under the section cited.

But, conceding the sale to be legal, the plaintiff at most acquired but an undivided three-fourths interest in the land, and cannot therefore maintain replevin for the timber cut therefrom. Replevin does not lie for an undivided interest in a chattel, as an undivided part is not susceptible of delivery without the whole. The plaintiff must have an *entire* interest, or a *right* to the *entire* and *exclusive possession*, or his action must fail: Wells on Replevin, § 154; *Kindy v. Green*, 32 Mich. 310; *Hess v. Griggs*, 43 Id. 400–1; *Kimball v. Thompson*, 4 Cush. 447; *Hart v. Fitzgerald*, 2 Mass. 511; *McArthur v. Lane*, 15 Me. 245.

CHAMPLIN, J. This is an action of replevin, brought by plaintiff to recover a quantity of Norway and white pine sawlogs, cut by defendant Oliver during the winter of 1882–83, from lots 1, 2, and 3, in township 29 N., of range 8 E. The plaintiff's claim to the timber, and his right to recover in this action, was based upon his alleged title to lots 1, 2, and 3; and, to make out this title, he introduced in evidence the following chain of conveyances:

1. A patent from the State of Michigan to David D. Oliver, dated December 18, 1866, and recorded January 31, 1867, in Liber C of Deeds, on page 231, of Alpena county records, for said lots 1, 2, and 3.

2. The record of an execution levy against David D. Oliver, one of the defendants, dated August 21, 1881, and recorded on pages 31, 32, and 33 of Liber Q of Levies, Alpena county records, conveying said lots 1, 2, and 3.

3. The record of a sheriff's certificate of sale of said lots 1, 2, and 3 to Thomas White, dated May 20, 1882, and recorded the same day in Liber 1 of Sheriff's Certificates, on page 70, Alpena county records.

4. The record of a sheriff's deed of said lots 1, 2, and 3 to

said Thomas White, dated July 16, 1883, and recorded July 17, 1883, in Liber 1 of Sheriff's Deeds, on page 13, Alpena county records, purporting to be based on said previous levy and sale on execution.

5. The record of a quitclaim deed of said lots 1, 2, and 3, from Thomas White to plaintiff, dated July 18, 1883, and recorded on the same day in Liber 11 of Deeds, on page 114, Alpena county records.

The plaintiff relied upon his title as thus shown, until the defendants put in evidence the following conveyances:

1. The record of a warranty deed from said David D. Oliver and wife to George J. Robinson, dated November 15, 1867, and recorded November 22, 1867, in Liber D of Deeds, on page 119, Alpena county records, conveying an undivided one-fourth interest in said lots 1, 2, and 3. This was an ordinary form warranty deed.

2. The record of a warranty deed from said David D. Oliver and wife to Henry S. Cunningham, dated September 3, 1868, and recorded September 8, 1868, in Liber E of Deeds, on page 95, Alpena county records, conveying an undivided three-fourths interest in said lots 1, 2, and 3. This was an ordinary form warranty deed.

Plaintiff then introduced in evidence, against defendants' objections, the record of a decree of the circuit court of the United States for the Eastern district of Michigan, made on the twenty-first day of September, A. D. 1882, and recorded on November 3, 1882, in Liber 7 of Deeds, on page 471, Alpena county records. This decree provides that David D. Oliver shall be entitled to a good and sufficient deed from defendants in that suit for the undivided three-fourths interest of said lots 1, 2, and 3, being the lands involved in this suit, within 30 days from date of decree; and if not conveyed within that time, then the record of the decree should operate as such conveyance.[1]

There was no dispute as to the value of the timber, both sides conceding it to be two dollars per 1,000 feet for white pine, and one dollar per 1,000 feet for Norway, and the only disputed question of fact, viz., the quantity of timber cut by

---

[1] Among the defendants were George J. Robinson and Henry S. Cunningham, but the plaintiff in this suit was not a party.

defendant Oliver from said lands, was fixed by the jury, by the consent of the parties.

The counsel for the defendants requested the court to direct a verdict for defendants for the following reasons:

1. Because defendant Oliver had no leviable interest in said land on August 21, 1881, when plaintiff's levy was made.

2. Because, even if Oliver had an interest in the lands on the twenty-first day of August, 1881, which was subject to levy, the plaintiff could not have sold said lands on an execution sale without having such interest first determined and fixed by proper proceedings taken for that purpose in a court of chancery within one year thereafter.

3. Because plaintiff acquired at most, by virtue of the decree of the United States court, but an undivided three-fourths interest in the lands from which the logs were cut.

The record shows that the property mentioned in the writ was not taken by the officer, and that the plaintiff proceeded in the action to recover the value thereof. The question of the value was submitted to the jury, and they found such value to be the sum of $670, and the plaintiff asked for a personal judgment in his favor for three-fourths thereof. It was proven upon the trial that the defendant Oliver cut the logs upon the lands in question, and sold them to defendant the Prentiss Lumber Company. Upon these facts the circuit judge directed a verdict for defendant, and judgment was entered accordingly.

The property not having been seized upon the writ, the suit is essentially a personal action to recover the value, and is governed by the same principles as it would be were it an action of trover for the conversion of the property. Replevin will lie by a tenant in common who is entitled to the possession of an undivided interest in personal property against a wrong-doer who is a stranger to the title.[1] In this case neither

---

[1] In the case of Myrtle Wattles v. John E. Dubois, decided October 20, 1887, plaintiff leased a farm to defendant, and was to receive as rent one-half of all crops raised thereon, delivered in the city of Kalamazoo. Defendant sowed 60 acres of wheat on the land, and plaintiff harvested 24 acres of the grain in lieu of a like acreage which defendant had agreed to sow on *other* land for plaintiff to take place of an equal number of acres harvested by defendant the year before belonging to plaintiff.

of the defendants, under plaintiff's theory or under the proofs, are tenants in common with plaintiff.

The first and second reasons may be considered together. It appears that at the time the plaintiff made his levy upon the land from which the logs were taken the defendants had no title whatever therein. There was therefore nothing upon which the lien of the levy could attach. There is no claim and no proof that the defendant Oliver had made a fraudulent conveyance of the lands to Robinson and Cunningham for any purpose, nor does it appear upon what ground a conveyance of an undivided three-fourths was decreed to be conveyed by Cunningham to Oliver.

Fraud will not be presumed, and it must be inferred that the conveyances by Oliver to Robinson and Cunningham were made *bona fide*, and conveyed an absolute fee in the lands, and left nothing in Oliver which could be the subject of a levy. If Oliver afterwards became the owner of the land levied upon, such fact would not inure to the benefit of plaintiff so as to make his levy good by relation. Plaintiff took nothing by his levy and sale. Such would be the law irrespective of any statute upon the subject. But the statute is clear. It reads:

---

After such harvesting defendant notified plaintiff that he should not deliver any portion of the remainder of the wheat when threshed, and denied the *right* of the plaintiff to *any interest* therein; and thereupon plaintiff brought replevin for his half of the wheat. On the arrival of the sheriff with the writ, about 75 bushels had been threshed, and the officer divided the grain, as threshed, taking one-half of the number of bushels on his writ.

*Held*, that the claim of defendant that the action would not lie was untenable; that by denying plaintiff's right to the possession of *any* of the grain, and repudiating the contract under which the tenancy between the parties was created, he waived all right to the possession of the wheat for the purpose of delivering plaintiff's contract share, who had the right to the immediate possession of his half.

*Held*, further, that the fact that the wheat was not threshed at time the writ was issued, and so incapable of measurement in the bushel, ought not to defeat the action; that there can be no doubt of plaintiff's right to have peaceably entered, taken possession of, and threshed the wheat, and made the division called for by the contract, defendant refusing so to do and denying all right on the part of plaintiff to any share in the unthreshed grain.

*Held*, further, that *wheat* in the *head after it is harvested* is as much *wheat* as it is after it is *separated* from the straw and *winnowed*, although an exact division is more readily and easily ascertained after such separation than before.

"And when any sale, by virtue of any execution, shall become absolute, as hereinafter provided, the purchaser at such sale shall acquire all the rights and interests that the debtor had in and to the lands so sold, at the time of the levy by virtue of the execution."[1]

After-acquired title or interests do not pass by virtue of the sale and deed to the purchaser. This being so, the plaintiff failed to show any title to the logs sought to be replevied, or any right to the possession thereof. It follows that the judgment must be affirmed, with costs of both courts.

The other Justices concurred.