## The Davis Sewing Machine Co. v. Samuel E. Whitney.

*Ejectment—Parties— Where homestead character and occupancy of premises unquestioned— Wife a necessary party—Her non-joinder a fatal omission—Attachment lien—Does not attach to land until copy of writ is deposited in office of register of deeds—Pursuant to How. Stat. sec. 7995— Until such lien is secured, in absence of personal service of writ or voluntary appearance of defendants—A judgment in the attachment suit is unauthorized—Lien not defeated by subsequent occupancy of land as a homestead—Levy of attachment on land formerly occupied as a homestead—During the absence of the owners therefrom—They may resume possession before a copy of the writ is deposited with the register of deeds —And, as no lien has attached, may claim their homestead exemptions.*

1. In an ejectment suit, where the homestead character and occupancy of the premises is unquestioned, the wife is a *necessary* party, and her non-joinder is fatal to the proceeding.

2. The deposit in the office of the register of deeds of the proper county of a certified copy of a writ of attachment, with a description of the land levied upon, pursuant to How. Stat. § 7995, is a condition precedent to the establishment of a lien under such seizure; and until such lien is secured a judgment is unauthorized in the suit, in the absence of personal service of the writ or the voluntary appearance of the defendants.

3. An attachment lien will not be defeated by the *subsequent* occupancy of the land as a homestead, although no provision be made for ascertaining the homestead right until an execution is sued out. *Avery v. Stephens*, 48 Mich. 246.

4. Where, during the absence of a husband and wife from their homestead, an attachment was levied thereon, and the owners resumed possession before the deposit in the office of the register of deeds of the certified copy of the writ and description of the attached property required by How. Stat. § 7995,—

   *Held*, that there was no *existing* lien on the land, and therefore nothing to prevent such homestead occupancy and exemption claim thereunder.

Error to Ionia. (Newton, J.) Argued May 11, 1886. Decided June 10, 1886.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*A. A. Ellis*, for appellant:

The wife is not a necessary party to an action of ejectment : *Bunce v. Bidwell*, 43 Mich. 545.

The judgment against the husband would not bind the wife; but if the premises were a homestead when the attachment proceedings were commenced, plaintiff could not recover in any event.

The husband in this case was in actual occupancy of the land, residing with his family thereon, and was the head of such family ; and the wife cannot select a homestead : *Wisner v. Farnham*, 2 Mich. 472 ; *Redfern v. Redfern*, 38 Ill. 509.

*Wilson & Trowbridge*, for defendant:

The wife was a necessary party defendant, being in possession *with* the husband when suit was commenced : How. Stat. § 7791 ; *Lockwood v. Drake*, 1 Mich. 14 ; *Clark v. Hall*, 19 Id. 357, 374.

Her possession was not subject to the husband's control so far as the homestead right was concerned : *Hodson v. Van Fossen*, 26 Mich. 68 ; *Henry v. Gregory*, 29 Id. 69 ; *Bunce v. Bidwell*, 43 Id. 545 ; *Sayles v. Curtis*, 45 Id. 279.

A verdict should have been directed for the defendant, it not appearing that a certified copy of the writ, with a description of the land attached, was deposited with the register of deeds, as required by How. Stat. § 7995. This was essential to obtaining a lien on the land, which lien was a condition precedent to a valid judgment : *Columbia Bank v. Jacobs*, 10 Mich. 353–4 ; *French v. De Bow*, 38 Id. 711–12 ; *Hall v. Gould*, 79 Ill. 16.

[Briefs of counsel contain a full discussion of the question of abandonment of a homestead, and of other points not decided by the Court.—REPORTER.]

CAMPBELL, C. J.   Plaintiff, on the twenty-fourth day of February, 1881, sued defendant as a non-resident, by attachment, which it is claimed was levied on village lots 199 and 200, in Portland, Ionia county.   No certificate of this levy was ever filed in the register's office.   Notice was published and judgment entered for non-appearance on the second of August, 1881, and the property was sold in September, under public protest on behalf of defendant and wife.   On

the twenty-first of December, 1882, the sheriff conveyed the property, the statutory period of redemption having run out. Plaintiff then brought ejectment, and was defeated below for reasons arising out of the homestead exemption laws.

The property had for some years—from 1870 to 1879—been occupied by defendant and his wife as a homestead. It was worth less than half the amount allowed for exemption. The size of the lots is not given. The house stood partly on one and partly on the other. In 1879 the owner and his wife left Michigan, as is claimed, to try the effect of some other place on her health, and lived and kept hotel in two different places in Illinois. In 1880 defendant corresponded with his Portland agent on the subject of coming back to live in the house. In the spring of 1881, soon after the attachment suit began, they returned, and went back into the house, and have since lived there, claiming it as a homestead. The court below instructed the jury, in substance, that if they went away with the intention of returning, and always meant to retain their homestead interest, a homestead might exist; and also that if the wife and husband, at the time of ejectment brought, claimed and occupied the land as a homestead, the wife should be joined as a defendant. Notice of the homestead claim was publicly given at the sale on execution.

Under the circumstances of this case, where there is no doubt of the character of the family occupancy, the necessity of bringing in the wife has been recognized by our decisions. *Cleaver v. Bigelow*, 61 Mich. 47. This is fatal to the present case, and was so held below.

But a point was raised on the argument which will be as applicable in any future trial as now, which meets us in the outset. There being no personal service of the attachment, the judgment could only be good against the property attached. Prior to 1875 the method of levying an attachment was the same as that of levying an execution on land, and did not require the filing of the lien as a condition precedent to its attaching, although it had to be filed within three days to make it date from the levy. Comp. Laws 1871,

§ 6406.  But in 1875 the section was so amended as to read as follows:

"Real estate attached shall be bound, and the attachment shall be a lien thereon from the time when a certified copy of the attachment, with a description of the real estate attached, shall be deposited in the office of the register of deeds in the county where the real estate attached is situated."  How. Stat. § 7995.

A previous section had dispensed with any entry, or other public act, in making the levy.  This language differs from that concerning levies of execution, where the deposit of notice of levy is only made necessary as against subsequent conveyances, in good faith:  How. Stat. § 6173.  As against all such rights, the notice filed must be definite and certain: *Campau v. Barnard*, 25 Mich. 381;  *Ward v. Citizens' Bank*, 46 Id. 332;  *Burrowes v. Gibson*, 42 Id. 121.

This difference is significant.  Unless such a notice is filed, there may be no other means whereby even the parties themselves may be notified; and where an attachment levy on lands is the only ground of jurisdiction, it is certainly important that it should be fixed beyond any doubt or change.  The change in the statute must have been intended to serve some useful purpose.  Until there is a lien on the land there is nothing to authorize a court to proceed to judgment.  The statute of 1875 provides that there shall be no lien until it is made ascertainable in the county registry.  It does not require the notice to be filed at any particular time, but it makes the filing the condition for the establishment of the lien.  It was held in *French v. De Bow*, 38 Mich. 708, that the object of filing the paper in the register's office is not to give notice to third parties, but to fix the lien.  And, on the other hand, it was held in *Avery v. Stephens*, 48 Mich. 246, that, when a lien by attachment has once become operative, a subsequent taking of possession for a homestead will not defeat it, although no provision is made for ascertaining the homestead right till execution is sued out.

When these parties resumed possession of their land as a homestead there was no existing lien upon it, and therefore

there was nothing in the way of the subsequent homestead occupation, as there was no foundation for the judgment *in rem*, for want of a valid lien.

We do not think it necessary, therefore, to consider the rulings on the continuance of the original homestead right after the interruption of possession. We do not, however, mean by this to suggest anything against them.[1]

We think the record shows that the judgment should have been rendered as it was, and it must be affirmed, with costs. As under the statute there may be a new trial upon certain conditions, the record must be remanded.

CHAMPLIN and SHERWOOD, JJ., concurred. MORSE, J., did not sit.

---

[1] See "*Homestead,*" 60 Mich. 687–8, for valuable cases on the question of *abandonment* of homestead, its *selection,* etc.