JOHN M. HOFFMAN v. BERNHARD BUSCHMAN, CARSTEN
BUSCHMAN, AND HENRY AHRENS.

*Homestead—Abandonment—Ejectment—Execution sale.*

1. Findings of fact cannot be disturbed where the record does not
   show that all of the testimony taken upon the trial is included
   therein.

2. The retention of homestead rights, though the claimant live else-
   where, is a matter of continuing intent, and is a fact. to be
   proved like any other fact.

3. A non-compliance with How. Stat. § 6116, which provides for
   the sale, separately, of known lots, tracts, or parcels of land
   under an execution, is an irregularity, and cannot be taken
   advantage of in an action of ejectment.

Error to St. Clair.   (Mitchell, J.)   Argued April 18,
1893.   Decided May 31, 1893.

Ejectment.   Defendants Bernhard Buschman and Henry·
Ahrens bring error.   Affirmed.   The facts are stated in the
opinion.

*James L. Coe,* for appellants.

*Charles K. Dodge,* for plaintiff.   °

HOOKER, C. J.   Plaintiff brought ejectment to obtain

possession of the undivided half of certain lands, described as follows, viz.: "The S. E. ¼ of the N. W. ¼, and the S. W. ¼ of the N. E. ¼, of section 34, town 7 north, range 16 east." The case was tried without a jury, and written findings of fact and law were filed.

The brief of counsel for the appellants relies upon two points to reverse the judgment:

1. The wife of Bernhard Buschman was not made a party.
2. The sale under the execution, upon which plaintiff claims title, was void.

Exceptions upon each of the findings of fact and law were filed. The findings of fact cannot be disturbed, for the reason that the record does not show that all of the testimony taken upon the trial is included.

The court found that the premises were owned in common by Bernhard Buschman and Carsten Buschman.

" That, at the time of the commencement of the action, defendant Ahrens was in possession of the whole of said premises, under and as the tenant of said Bernhard and Carsten Buschman; * * * that, for some time previous, and up to the year 1884, said Bernhard, with his wife and family, lived upon said lands, but in that year he removed therefrom to the city of Port Huron, where he, with his wife and family, have since lived, and where he votes and claims his residence; but that he left some of his household effects on the lands claimed, and has, with said Carsten, occupied by a tenant."

· Under this finding it is claimed that the defendant Bernhard and his wife should be found to have homestead rights in the west 40 acres.

That these parties lived somewhere upon the premises, and had homestead rights in some part thereof, up to April, 1884, is clear; but, at the time of this levy and sale, they had lived in Port Huron for upwards of three years. When ejectment was brought, Bernhard asserted homestead rights in himself and wife. The burden of proving this

right is ·upon the defendant.. *Amphlett v. Hibbard,* 29 ·
Mich. 298.   The retention of homestead rights, though the
party live elsewhere temporarily, is possible.   It is largely
a matter of continuing intent, and is a fact to be proved
like any other fact.   There is nothing in the findings that
shows the existence of such intent, ·but, on the contrary,
all facts found are inconsistent with such design, and, in
the absence of any other facts, justify the finding of law
that the homestead was abandoned.

Plaintiff derived title through an execution sale upon a
transcript judgment.   The proceedings are conceded to
have been regular, with two exceptions.   The description
in the levy was as follows, viz.:   " The undivided one-half
of *the following described land, to wit:*   The S. E. ¼ of
the N. W. ¼ and the S. W. ¼ of the N. E. ¼."   In the
subsequent proceedings the description was as follows, viz.:
"The undivided one-half of the S. E. ¼ of the N. W. ¼
and the S. W. ¼ of the N. E. ¼;" these proceedings show-
ing that the interest of Bernhard Buschman was involved.
We think there is no room for question over these descrip-·
tions, which are identical, and could not mislead any one.

A further point is made over the sale, the land having
been sold as one parcel, which counsel for defendants claims
was in violation of How. Stat. § 6116.   If two contiguous
40-acre parcels, separated by a quarter line, and occupied
as one farm, can be considered within the prohibition of
the. statute, such sale was an irregularity, and cannot be
questioned in an action of ejectment.   *Cavenaugh v.
Jakeway,* Walk. Ch. (2d ed.) 344, and cases cited in note;
*Blair v. Compton,* 33 Mich. 422; *Campau v. Godfrey,* 18
Id. 44.

The judgment must be affirmed.

The other Justices concurred.