## SMITH *v.* KIDD.

HOMESTEAD—ABANDONMENT.
 One cannot claim homestead rights in a house and let from
  which he has removed with his family, and to which he has
  no definite intention of returning.

123  193
146   92
146  644

Appeal from Berrien; Coolidge, J.    Submitted Febru-
ary 8, 1900.    Decided March 6, 1900.

Bill by Alfred E. Smith against Andrew J. Kidd and
others to set aside a levy and sale on execution. From
a decree dismissing the bill, complainant appeals. Af-
firmed.

Complainant seeks by bill in equity to set aside an exe-
cution levy and sale upon the ground that the land levied
upon and sold was a homestead. Complainant purchased
the land in 1892, built a house upon it, moved into it,
and resided there until 1894. He then rented it, and his
wife and family moved into the upper story of another
building in New Buffalo, in the first story of which he
had a store. He closed this business out in 1895. He

then left New Buffalo, entered the service of the Detroit & Mackinac Railroad Company as engineer, and made his home at East Tawas, with his sister, where he still lives. He has continued in this employment ever since, has never returned to New Buffalo, and has voted elsewhere. About a year after complainant left New Buffalo, his wife and children moved to Detroit, where they have since resided. She was not made a party to the bill, and was not a witness.

*Main J. Connine*, for complainant.

*Valentine & Ellsworth*, for defendants.

GRANT, J. (*after stating the facts*). If complainant had not abandoned his homestead, it would follow that there can be no abandonment if the party will testify that he intended at some future time to return to it. Ownership and occupancy are both required by the Constitution and statute to establish a homestead. Const. art. 16, § 2; 3 Comp. Laws 1897, § 10362. Temporary absence has often been held not to destroy the occupancy required. Complainant testified: "I don't know as I will come back to New Buffalo at all. * * * I think I will make my home in East Tawas. I have not fully made up my mind to this. I have been thinking of this about a year." The abandonment was complete. The circuit judge was right in dismissing the bill. The case is ruled by *Hoffman* v. *Buschman*, 95 Mich. 538 (55 N. W. 458), where the defendants made a much stronger case than has the complainant in this.

Decree affirmed.

The other Justices concurred.