NOBLE *v.* McKEITH.

1. FRAUDULENT CONVEYANCES — ASSIGNMENT OF CLAIM — RIGHTS OF ASSIGNEE.

　　The assignment of a claim carries with it the right of the assignor to attack a conveyance by the debtor as fraudulent.

2. SAME—HOMESTEAD—ATTACHMENT LIEN.

　　Where land attached as conveyed in fraud of creditors is reconveyed to the debtor, his subsequent occupancy will not enable him to set up a homestead exemption as against the attachment creditor.

3. SAME—EVIDENCE—APPEAL.

　　On a review of the evidence, *held,* that a conveyance by a debtor was made with intent to hinder and defraud his creditors.

Appeal from Sanilac; Beach, J. Submitted March 8, 1901. Decided June 17, 1901.

Bill by Bostwick R. Noble and James L. Benedict against John D. McKeith and Duncan A. McKeith in aid of execution. From a decree for defendants under their prayer for affirmative relief, complainants appeal. Reversed.

*Drake & Rapley* (*Bacon & Yerkes*, of counsel), for complainants.

*W. H. Burgess*, for defendants.

HOOKER, J. In the year 1892 John D. McKeith was a merchant doing business at Yale, in this State, and the owner of about 79 acres of land and other property. He owed some debts. On the 6th day of December, 1892, he and his wife executed and delivered a deed of the 79 acres to his son, Duncan A. McKeith. The consideration mentioned in the deed was $1,700. Complainants claim that there was no actual consideration. The only testimony upon the subject is that of Duncan and John McKeith, who say that the deed was given in consideration of a promise by Duncan to work for his father in the store for two years, and that he worked there some over a year, and until the father made an assignment for the benefit of his creditors. The deed was recorded on January 18, 1894. On the 10th day of January, 1894, John D. McKeith made an assignment for the benefit of his creditors. The stock was purchased by the complainants for $1,379.71, of which, after taking out exemptions, there remained $1,120, less assignee's expenses, to be paid upon an indebtedness of about $4,400. The stock was bought from complainants by Duncan A. McKeith, at the suggestion of complainants, to whom he gave a mortgage for the purchase price, and he continued the business, all in conformity to a prearranged plan between them. On May 7, 1894, Duncan A. McKeith conveyed the 79 acres of land

to his mother.  No consideration passed for this deed.
In answer to the question, "What is the reason you did
not deed it back to your father?" he answered, "Because
I deeded it to her for safe-keeping.   *Q.* You had no other
reason for deeding it to her ?   *A.* None that it is necessary
to state.  ·I never paid my father anything as the balance
of the consideration due on that deed."  It was recorded
before delivery, on the same day.   On June 7th the com-
plainants, who had taken assignments of certain unpaid
claims against John D. McKeith, began an attachment case
against him, and attached the 79 acres, upon the ground
that the transfers were made with intent to hinder and de-
fraud the creditors of John D. McKeith.   A judgment for
$577.86 and costs was rendered on March 17, 1899, and exe-
cution was levied on April 4, 1899.   On January 19, 1895,
Mrs. McKeith deeded this land back to her son, Duncan
A. McKeith, and this deed was recorded on May 7, 1898.
On January 3, 1898, Duncan A. McKeith deeded 40 acres
of the land to his father, John D. McKeith.   Mrs. Mc-
Keith died in 1899.   On May 25, 1899, complainants filed
the bill in this cause in aid of execution, to which defend-
ants answered, praying, as affirmative relief, that the
cloud caused by the levy be removed from the land.   The
bill was dismissed, and relief as prayed was granted de-
fendants.   Complainants appealed.

The defendants contend that the complainants are in no
position to obtain the relief sought, for the reason that
they became owners of the claims after the alleged fraudu-
lent transfer was made, and a cause of action for fraud is
not assignable.   The contention is sufficiently answered
by the citation of the cases of *Sweet* v. *Converse*, 88 Mich.
1 (49 N. W. 899), and *Howd* v. *Breckenridge*, 97 Mich.
65 (56 N. W. 221).

It is also claimed that John D. McKeith has a home-
stead interest in a portion of this land; but, as the attach-
ment was levied long before he acquired the title, the levy
has precedence of such claim.   *Avery* v. *Stephens*, 48
Mich. 246 (12 N. W. 211); *Davis Sewing-Machine Co.*
v. *Whitney*, 61 Mich. 518 (28 N. W. 674).

It is contended that the complainants are not entitled to relief for the further reason that the conveyance to Duncan A. McKeith was not only based upon a valuable consideration, but was made at a time when his father was solvent, and without an intention to hinder, delay, or defraud creditors. The learned circuit judge filed no opinion, and we are not advised of the view taken by him upon these questions. To us the record affords convincing evidence that the father was not solvent after conveying this property, and that it was conveyed for the purpose charged, with the knowledge and concurrence of Duncan A. McKeith.

The decree of the circuit court is reversed, and a decree will be entered for the complainants as prayed, with costs of both courts.

MONTGOMERY, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.