146  91|
146  644|

SWIFT *v.* KLECKNER.

HOMESTEAD—ABANDONMENT—EVIDENCE—SUFFICIENCY.

On a bill to set aside a sale of farm land on execution, on the ground that the property levied upon was complainant's homestead, he having previously purchased a home in town and lived there with his family for upwards of five years, evidence examined, and *held*, to show that the farm homestead had been abandoned prior to the levy, and that complainant's homestead was not re-established there, notwithstanding separation from his wife and division of their property.

Appeal from Gratiot; Stone, J.  Submitted June 13, 1906.  (Docket No. 104.)  Decided October 1, 1906.

Bill by Edward Swift against E. A. Kleckner and another to set aside an execution levy and sale.  From a decree dismissing the bill, complainant appeals.  Affirmed.

*Frank R. Monfort,* for complainant.

*John T. Mathews,* for defendant.

MONTGOMERY, J.  Complainant filed a bill to set aside a sale of land on execution on the ground that at the time of the levy of the attachment which preceded the execution the property levied upon was a homestead.  The land in question, together with 28 acres adjoining, was occupied by complainant and his family up to 1899 as a homestead.  At that date complainant leased the farm, made a sale of his farm implements, and removed with his family to the city of Ithaca.  He bought a house and lot with the proceeds of this sale, taking the title in the name of his wife.  He removed all his household goods to Ithaca that the family wanted to use and had room for, but left a few articles of little consequence.  The parties continued to live at Ithaca, occupying the house purchased with com-

plainant's money, until June, 1904, when a separation agreement was made between the complainant and his wife, by the terms of which complainant's wife released all her dower interest in the land in question and other property of complainant, and complainant made a conveyance to her of another parcel of land and released his claim to the Ithaca homestead which is still occupied by the wife. In September, 1904, the attachment in this case was levied. In November complainant moved back on the farm, having made an arrangement to do so with the tenant whose term did not expire until the following spring. The bill was dismissed on the hearing, and complainant appeals.

Two contentions are made, *first*, that complainant never abandoned the homestead, and *second*, that if he did a homestead right was created after the separation agreement. It is claimed that complainant left the farm, and removed to Ithaca with the purpose of educating his children, and then returning to the farm. All the circumstances of the case negative this claim. It is true, complainant shows certain declarations of his own substantiating the claim, but the fact is that he remained in Ithaca two years after the children left school, and continued to lease the farm. He engaged in various kinds of business there and elsewhere, and declared to at least one person that if he continued to do well he should not return to the farm. In answer to the direct question, "Did you intend to come here and take up a permanent residence here and never go back to the farm?" he replied: "No, sir; I don't think I ever—no, sir." We think his conduct shows at least as much uncertainty of purpose as this answer does of recollection. When it is considered that an equally permanent investment was made in the Ithaca home, and that it was occupied as the family homestead for more than five years, it is very clear that complainant should not now be permitted to claim that his homestead was in fact on the farm. *Hoffman* v. *Buschman*, 95 Mich. 538; *Smith* v. *Kidd*, 123 Mich. 193; *McMonegal* v. *Wilson*, 103 Mich. 264.

Nor do we think any homestead was established after the separation and before the levy. It is true complainant had some talk of buying out the tenant, but this fell through, and he went to Durand in the employ of the Grand Trunk Railway. While at Durand he tried to negotiate a sale of the farm, and did not in fact move onto the farm until after the attachment was levied. We are satisfied that there was no fixed purpose of making this farm a homestead until complainant found occupancy necessary to save it from his creditors.

The decree is affirmed.

GRANT, BLAIR, OSTRANDER, and MOORE, JJ., concurred.