## UNGERS v. CHAPMAN.

Homestead—Abandonment—Evidence—Sufficiency.

　　On a bill to set aside an execution levy on the ground that the land levied upon was complainant's homestead, evidence examined, and *held*, to show that at the time of the levy complainant had no definite intention to return to the property and occupy it as a homestead.

Appeal from Kent; Perkins, J. Submitted November 13, 1906. (Docket No. 110.) Decided December 17, 1906.

Bill by Adam Ungers against Leman H. Chapman, sheriff, Cornelius De Boers, and John Miller to set aside an execution levy. From a decree for complainant, defendants appeal. Reversed, and bill dismissed.

*Thompson & Temple*, for complainant.

*Walker & Fitzgerald*, for defendants.

Montgomery, J. Complainant filed this bill to set aside a levy upon 40 acres of land under an execution in favor of the defendant Miller. The defendant Chapman was sheriff, and the defendant De Boer his deputy. The circuit judge granted the relief prayed, and defendants appeal.

The property in question is within the constitutional limits of a homestead, both as to extent and value. There is no doubt that, prior to December, 1900, complainant had resided upon this land with his wife. At about that date complainant's wife began divorce proceedings against complainant. In March, 1901, a settlement was had between complainant and his wife, by the terms of which she released to him her interest in the homestead for a consideration. Complainant in the fall of 1901 leased the premises for the term of three years, and re-

moved to the city of Grand Rapids. There was no exception or reservation in the lease. Complainant left a bed and some household furniture on the premises, which he testifies was in pursuance to an oral understanding with the tenant. Complainant offered the land for sale, but did not find a purchaser. The tenant left at the end of one year. Complainant then rented the farm for five years. The complainant again offered the place for sale. The premises became vacant in the spring of 1904 and remained vacant until September, when complainant reoccupied them. The levy was made in February, 1902.

The question of fact which the record presents is whether the complainant was only temporarily absent from the home, with a continuing intent to return and occupy the premises as a homestead. *Hoffman* v. *Buschman*, 95 Mich. 538; *Smith* v. *Kidd*, 123 Mich. 193; *Swift* v. *Kleckner*, ante. While the complainant testified that he expected to return some time, he also testified that he had not attempted to sell the property. In this latter statement he is contradicted by reliable testimony. His whole course of dealing with the property convinces us that he had no definite intention to return to the property.

The decree is reversed, and bill dismissed, with costs of both courts to defendants.

CARPENTER, C. J., and MCALVAY, OSTRANDER, and HOOKER, JJ., concurred.