HUBER *v.* SHAY.

1. FRAUDULENT CONVEYANCES—JUDGMENT CREDITORS—EVIDENCE.
   In creditor's suit to set aside a conveyance of a two-flat building, record *held*, to amply support finding that the transfer of real estate was fraudulent.

2. HOMESTEAD—BURDEN OF PROOF.
   The burden of proving a homestead right is upon those asserting it.

3. SAME—BURDEN OF PROOF—EVIDENCE.
   In creditor's suit to set aside debtor's transfer of real estate as fraudulent, transferees who claimed it was transferor's homestead *held*, not to have sustained burden of proof.

4. APPEAL AND ERROR—FRAUDULENT CONVEYANCES—LIEN FOR PAYMENTS—RECORD.
   Lien on property transferred by debtor to defendant transferees is not accorded latter for amount of alleged payment made for property where record in suit to set conveyance aside as fraudulent is not convincing that such payment was made.

5. SAME—JURISDICTION—QUESTIONS REVIEWABLE.
   Jurisdiction of court to entertain bill to set aside conveyance as in fraud of creditors is not passed upon where not challenged in Supreme Court.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted October 16, 1936. (Docket No. 23, Calendar No. 39,055.) Decided December 28, 1936. Rehearing denied March 2, 1937.

Bill by Elizabeth Huber against Joseph M. Shay and Jerry C. Totzka and wife to set aside a quitclaim deed, for an injunction and other relief. Defendants Totzka appeal. Affirmed.

*Wynn, Zinn & Freimuth,* for plaintiff.

*Blain & Crane,* for defendants Totzka.

TOY, J.   Plaintiff, on May 20, 1935, commenced suit against defendant Shay for damages arising when she was shot and seriously injured by him, and was awarded a judgment thereon on September 25, 1935, in the amount of $7,500.

On May 28, 1935, plaintiff filed her bill of complaint in this cause to restrain defendants herein from disposing of the assets of defendant Shay and to set aside, as fraudulent, the transfer of a two-flat building and lot, located at 331 Puritan avenue, City of Highland Park, which property had, on May 4, 1935, been deeded by defendant Shay to defendants Totzka.

The chancellor, after hearing the testimony, found such transfer of the property to be fraudulent and void as to the plaintiff, a judgment creditor, and entered his decree setting the same aside.

Defendants Totzka appeal.

They claim that there is not sufficient evidence to warrant the trial court in finding that the transfer of such real estate was fraudulent.

An examination of the record discloses ample testimony to sustain the determination made by the chancellor.   True, there is evidence to the contrary, but the chancellor had the opportunity to see each witness as he or she testified, and judge their veracity at closer range and from a better perspective than that here before us.   We find nothing in the record to detract from his findings, and much to sustain them.

Appellants contend that the transfer by defendant Shay of the property in question, was a transfer of

his homestead and therefore could not be a fraud against a creditor.

One difficulty with this contention is that nowhere in the record do we find any testimony indicating that the property in question was the homestead of defendant Shay, nor do we find any such claim to have been presented to the court below. The burden of proving such homestead right is upon those asserting it. *Stotts* v. *Stotts,* 198 Mich. 605; *Hoffman* v. *Buschman,* 95 Mich. 538; *Amphlett* v. *Hibbard,* 29 Mich. 298. Appellants have not sustained such burden.

Appellants urge that they should be given a lien upon the transferred property in the amount of $1,000 for the money paid by them in the purchase thereof. The record does not convince us that they made such payment, therefore we need not consider it further.

We do not pass upon the jurisdiction of the court to entertain the present bill of complaint because such jurisdiction has not been here challenged.

The decree below is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and SHARPE, JJ., concurred. POTTER, J., did not sit.