## MALEC v. OLESZKO.

1. Homestead—Exemptions.

   Homestead exemptions have always been a part of the settled policy of this State (Const. 1908, art. 14, § 2; 3 Comp. Laws 1929, § 14608 *et seq.*).

2. Execution—Notice of Levy.

   No levy by execution on real estate is valid against bona fide conveyances made subsequent to such levy until a notice thereof is filed in the office of the register of deeds in the county where the premises are situated (3 Comp. Laws 1929, § 14618).

3. HOMESTEAD—TIME FOR SELECTION—EXECUTION.

The selection of a homestead by a judgment debtor must be made at the time of the levy, or at least after it, and before sale (3 Comp. Laws 1929, § 14610).

4. SAME—OCCUPANCY—EXEMPTION.

Land not occupied as a homestead is prima facie subject to levy and sale on execution, and its exempt character must be determined upon the facts as they existed when such levy was made.

5. EXECUTION—INTEREST OF DEFENDANT.

An execution levy relates back to the levy of an attachment so as to hold the interest then owned by the defendant.

6. EQUITY—MOTION TO DISMISS—PLEADING.

On a motion to dismiss a bill of complaint, all properly alleged material facts are accepted as true.

7. JUDGMENT—HOMESTEAD—EXEMPTION—RES JUDICATA—EXECUTION —SALE.

Since the question of whether a homestead exemption exists is determined as of the time of the levy by the sheriff where determination has already been made in a previous suit between the same parties that the property was under the homestead exemption and no appeal taken therefrom, the plaintiff herein is bound by such adjudication and may not proceed to sell the property (3 Comp. Laws 1929, §§ 14610, 14618).

Appeal from Macomb; Spier (James E.), J. Submitted October 9, 1946. (Docket No. 29, Calendar No. 43,462.) Decided December 2, 1946.

Bill by Leon Malec and wife against John Oleszko and wife for decree declaring that defendants have no homestead rights in certain property. Decree for defendants on motion to dismiss. Plaintiffs appeal. Affirmed.

*Watson Walkiewicz* (*Meyer Weisenfeld,* of counsel), for plaintiffs.

*Christian F. Matthews,* for defendants.

Bushnell, J. Plaintiffs Leon Malec and Katarzyna Malec obtained a judgment in the circuit court of Macomb county against defendants John Oleszko and Stella Oleszko. Subsequently the sheriff levied on lands belonging to the defendants, located in the township of Macomb, county of Macomb, which are described as the "east 60 acres of the west half of the southwest quarter of section 22, T. 3 N. R. 13 east." On March 10, 1943, the property was sold to the judgment creditors, who were the highest bidders at the sheriff's sale, and a deed was issued to them.

Later, an action was brought by Oleszko and his wife against Malec and his wife in the circuit court of Macomb county to set aside the sale. The court in that suit ordered the sheriff's deed held for naught for the reason that neither the homestead exemption of the Oleszkos was set aside nor the amount of their exemption, $1,500, paid to them.

Plaintiffs filed a bill of complaint on October 10, 1945, under the provisions of 3 Comp. Laws 1929, § 13903 *et seq.* (Stat. Ann. § 27.501 *et seq.*). They asserted that defendants were not entitled to a homestead exemption for the reasons that neither of them presently resided in Macomb county, that the property in question was not being operated or cultivated as a farm, and it had been allowed to deteriorate to such an extent as to jeopardize its value. They further represented that the defendants had failed to make certain mortgage payments and that plaintiffs were required to make such payments in order to protect their interests therein. A decree was sought declaring that defendants were not entitled to any statutory exemption and that plaintiffs be permitted to sell the property free and clear from any homestead claim.

Defendants moved to dismiss plaintiffs' bill of complaint on the ground that the subject-matter of the controversy had been adjudicated and determined in the former chancery action between the same parties and that the plaintiffs were now estopped from claiming any further relief.

The issues thus raised were determined on the pleadings and the arguments of counsel. The trial judge concluded that plaintiffs' bill of complaint should be dismissed. Plaintiffs have appealed and claim that the trial court erred in ruling that homestead exemptions are determined at the time of the sheriff's levy rather than at the time of sale, and in applying the doctrine of *res judicata.*

Homestead exemptions have always been a part of the settled policy of this State. Constitution, 1908, art. 14, § 2; 3 Comp. Laws 1929, § 14608 *et seq.* (Stat. Ann. § 27.1572 *et seq.*).

No levy by execution on real estate is valid against bona fide conveyances made subsequent to such levy, until a notice thereof is filed in the office of the register of deeds in the county where the premises are situated. 3 Comp. Laws 1929, § 14618 (Stat. Ann. § 27.1582).

The method of selecting a homestead by the debtor is provided in 3 Comp. Laws 1929, § 14610 (Stat. Ann. § 27.1574). There is nothing in the language of the statute that would indicate that such selection may be deferred until the time of sale. The decisions all indicate that the selection of a homestead must be made ''at the time of the levy, or at least after it, and before sale.'' *Herschfeldt* v. *George,* 6 Mich. 456, 468. This rule is expressed in a headnote to *Bowles* v. *Hoard,* 71 Mich. 150, as follows:

''Land not occupied as a homestead is prima facie subject to levy and sale on execution, and its exempt

character must be determined upon the facts as they existed when such levy was made.''

In *Avery* v. *Stephens,* 48 Mich. 246, 249, it was held:

''Where due diligence has been observed by the creditor in the prosecution of his claim, this lien continues until a reasonable time has elapsed for the issuing of an execution and levy thereunder, and there can be no doubt but that the execution levy relates back to the time of the attachment and holds the interest which the debtor then had.''

See, also, *Noble* v. *McKeith,* 127 Mich. 163.

In a case involving the matter of residence upon the property, the Court held that intention with respect thereto must be determined under the circumstances which existed at or prior to the levy. *Haight* v. *Reynolds,* 257 Mich. 11. See, also, *Fox* v. *Brannan,* 292 Mich. 126 (128 A. L. R. 1424).

Plaintiffs allege that all of the parties now reside in the county of Wayne, and it must be inferred from the references in the bill of complaint to the former chancery action that the defendants in the instant case, who were plaintiffs in that case, resided on the premises and occupied the property as their homestead at the time of the levy.

On a motion to dismiss a bill of complaint, all properly alleged material facts are accepted as true. *Mahon* v. *Sahration,* 310 Mich. 563.

Plaintiffs argue that the chancery court in vacating the previous sale only adjudicated the question of homestead exemptions and rights at the time of the entry of that decree, and that the question of whether defendants have homestead rights presently in the property has not yet been determined.

We accept and apply the rule as stated in the headnote in *Bowles* v. *Hoard, supra,* and hold that

the exempt character of lands sought to be sold in satisfaction of a levy must be determined upon the facts as they existed when such levy was made. Any other determination would place a premium upon fraud. Furthermore, we are bound, as was the trial judge, by the unappealed adjudication of this question in the former .action between the same parties. *W. H. Atkinson Co.* v. *State Board of Tax Administration,* 299 Mich. 315.

The order dismissing plaintiffs' bill of complaint is affirmed, with costs to appellees.

Butzel, C. J., and Carr, Sharpe, Boyles, Reid, North, and Dethmers, JJ., concurred.