THE MIDWEST BANK v O'CONNELL

Docket No. 89892. Submitted November 14, 1986, at Lansing. Decided March 17, 1987.

Plaintiff, The Midwest Bank, obtained a judgment against defendants, David E. and Gloria J. O'Connell, on June 25, 1980. Defendants purchased a parcel of real estate on October 16, 1980, paying $3,000 in cash and assuming a $22,290 mortgage. A levy was filed by plaintiff on November 18, 1980. In June, 1985, defendants contracted to sell their home and, in September, 1985, they moved to Florida. Upon learning that defendants had removed themselves from the premises, plaintiff proceeded with execution sale of the property. Defendants then moved for a determination of their homestead exemption. By agreement of the parties, the property was sold at execution sale and the funds held in escrow pending the trial court's determination of the question. The Jackson Circuit Court, Russell E. Noble, J., determined the defendants were entitled to a homestead exemption and that the interest acquired by plaintiff upon recording the notice of levy was limited to defendants' equity at the time of the levy. Plaintiff appealed.

The Court of Appeals *held:*

1. The exempt character of land sought to be sold in satisfaction of a levy must be determined upon the facts as they existed when such levy was made. Abandonment of a homestead subsequent to levy has no effect on the property's exempt character. Defendants were entitled to a homestead exemption.

2. Plaintiff acquired all the rights and interests defendants had, a fee simple interest subject to the contingent interest of the mortgagee. The court erred in holding that defendant only acquired defendant's equity at the time of the levy.

Affirmed in part, reversed in part and remanded.

REFERENCES

Am Jur 2d, Execution §§ 165 *et seq.*

Am Jur 2d, Homestead §§ 86 *et seq.*

Am Jur 2d, Mortgages §§ 178 *et seq.*

Choice of law as to exemption of property from execution. 100 ALR3d 1235.

See also the annotations in the Index to Annotations under Homesteads; Mortgages.

1. HOMESTEAD — EXEMPTIONS — EXECUTION.

> The exempt character of land sought to be sold in satisfaction of a levy must be determined upon the facts as they existed when such levy was made; abandonment of a homestead subsequent to levy has no effect on the property's exempt character.

2. EXECUTION — ATTACHMENT — PROPERTY.

> When any sale, by virtue of any execution, or attachment, becomes absolute, the purchaser at such sale acquires all the rights and interests that the debtor had in and to the realty sold at the time of the levy by virtue of the execution or attachment, including in either case the right to enforce specific performance of any contract upon performing the conditions thereof as stipulated therein by the debtor (MCL 600.6061; MSA 27A.6061).

3. MORTGAGES — PROPERTY.

> A mortgagee has no title to the property mortgaged; a mortgage on real estate creates merely a contingent interest in the property which may become an absolute one only by foreclosure.

*Marcoux, Allen, Abbott & McQuillan, P.C.* (by *Diane Y. Bower*), for plaintiff.

*Christian & Conant* (by *Guy E. Christian*), for defendants.

Before: R. B. BURNS, P.J., and GRIBBS and A. T. DAVIS,* JJ.

A. T. DAVIS, J. Plaintiff, The Midwest Bank, appeals from an order issued by the circuit court on defendants', the O'Connells', motion for determination of homestead exemption, MCL 600.6023(8); MSA 27A.6023(8).

This case presents two legal issues succinctly stated by plaintiff in its brief:

(1) Does a judgment debtor's homestead exemption survive the debtor's permanent move from the premises levied upon, if such removal occurs after execution and levy?

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(2) Is the interest acquired by a judgment creditor as the result of recording of the notice of levy following an execution upon real property limited to the judgment debtor's equity in the real property at the time of the levy?

The trial court answered both questions in the affirmative. Plaintiff appeals as of right.

Plaintiff obtained a default judgment against defendants on June 25, 1980. Its writ of execution was returned unsatisfied.

On October 16, 1980, defendants purchased the real estate at issue as their homestead, paying $3,000 in cash and assuming a mortgage of $22,290. A levy was filed on the property on November 18, 1980.

Defendants filed a petition in bankruptcy on April 23, 1981. Defendants were discharged of their debts on July 7, 1981. In June, 1985, defendants contracted to sell their home and, in September, 1985, set up permanent residence in Florida. Upon learning that defendants had removed themselves from the premises, plaintiff proceeded with execution sale of the property and caused a notice of sale to be published. Defendants then moved for a determination of their homestead exemption pursuant to MCL 600.6023(8); MSA 27A.6023(8). By agreement of the parties, the property was sold at execution sale and the funds held in escrow pending the trial court's determination of the above questions, which we address in order.

The trial court correctly ruled that defendants were entitled to a homestead exemption. The exempt character of lands sought to be sold in satisfaction of a levy must be determined upon the facts as they existed when such levy was made. *Malec v Oleszko,* 316 Mich 310, 314-315; 25 NW2d 208 (1946). Abandonment of a homestead subsequent to levy has no effect on the property's ex-

empt character. *Id.* Plaintiff's citation of *Smith v Kidd,* 123 Mich 193; 81 NW 1092 (1900) (actual intent of debtor determinative of whether property is homestead), and *Stanton v Hitchcock,* 64 Mich 316; 31 NW 395 (1887) (same), is inapposite. *Hoffman v Buschman,* 95 Mich 538; 55 NW 458 (1893), also cited by plaintiff, involved judgment debtors who had abandoned the property three years prior to levy.

Moving to the second issue presented on appeal, we must conclude that the trial court erred when it determined that the interest acquired by plaintiff upon recording notice of levy was limited to defendants' equity in the real property at the time of the levy.

MCL 600.6061; MSA 27A.6061 provides:

> When any sale, by virtue of any execution, or attachment, becomes absolute, the purchaser at such sale acquires all the rights and interests that the debtor had in and to the realty sold at the time of the levy by virtue of the execution or attachment; including in either case the right to enforce specific performance of any contract upon performing the conditions thereof as stipulated therein by the debtor.

We agree with the trial court that there is little authority regarding construction of the terms "rights and interests" as used in the first clause of the statute. It is clear, however, that the purchaser can acquire only such "rights and interests" as the "debtor had in and to the realty sold at the *time of the levy."* (Emphasis supplied.)

The trial court relied on *McArthur v Oliver,* 60 Mich 605; 27 NW 689 (1886), which we find inapplicable to the facts at hand.

In *McArthur,* unlike defendants here, the judg-

ment debtor had no title or interest in the land at the time of levy. Therefore, under the statute, the judgment creditor acquired no title or interest in the property.

In the instant case, at the time of the levy, defendants had fee simple title, albeit subject to the mortgagee's chose in action, a lien on the land in favor of the mortgagee to secure a debt. *Plasger v Leonard,* 312 Mich 561; 20 NW2d 296 (1945), *McKeighan v Citizens Commercial & Savings Bank of Flint,* 302 Mich 666; 5 NW2d 524 (1942), *Lutz v Dutmer,* 286 Mich 467; 282 NW 431 (1938), and *Equitable Trust Co v Milton Realty Co,* 263 Mich 673; 249 NW 30 (1933).

In Michigan, a morgagee has no title to the premises mortgaged. *Crippen v Morrison,* 13 Mich 23 (1864). A mortgage on real estate creates merely a contingent interest in real estate which may become an absolute one only by foreclosure. *Union Guardian Trust Co v Nichols,* 311 Mich 107; 18 NW2d 383 (1945).

In accordance with MCL 600.6061; MSA 27A.6061, the purchaser acquired all of defendants' rights and interests in the realty at the time of levy, a fee simple title subject to the mortgagee's contingent interest in the subject property. The trial court erred when it held that the judgment creditor was limited to satisfaction only to the extent the judgment debtor had paid off the mortgage debt at the time of levy.

The trial court's order is affirmed in part and reversed in part. This matter is remanded for entry of an order in accordance with this opinion.