## PLASGER *v.* LEONARD.

1. PAYMENT—RETURN OF MONEY ORDER TO LOANING BANK.
   Where same money order bank had issued when making loan was returned to the bank in satisfaction of the loan, the loan ceased to exist and the note was paid.

2. MORTGAGES—PAYMENT OF DEBT—ASSIGNMENTS.
   After a debt, secured by a mortgage, is discharged, an assignment of the mortgage without the debt is a mere nullity as the mortgagee has no estate in the land.

Appeal from Allegan; Souter (Dale), J. Submitted June 16, 1945. (Docket No. 53, Calendar No. 43,040.) Decided October 8, 1945. Rehearing denied December 4, 1945.

Bill by Benjamin F. Plasger and wife against Earl C. Leonard and others to foreclose a mortgage. Decree for plaintiffs. Defendants appeal. Reversed and remanded.

*Lokker & Den Herder,* for plaintiffs.

*Frederick T. Miles,* for defendants.

BUTZEL, J. Plaintiff Benjamin F. Plasger had been an employee of defendant Earl C. Leonard, first on a farm in Allegan county, and then as a janitor in an apartment building in Chicago. Earl C. Leonard and wife borrowed $9,000 from Plasger and wife on a second mortgage on property not involved in this litigation. In 1933, Plasger and wife loaned to Leonard and wife $1,000 on a promissory

note secured by a mortgage on a farm. Some time later a discharge of the mortgage was given as a favor to the Leonards so they could borrow more money, and Plasger claims that at the time Leonard agreed to give him a new mortgage on a cottage for $2,000 to pay the $1,000 and also the interest on the $9,000 mortgage loan. On April 1, 1938, the Leonards borrowed $1,200 from the Holland State Bank and gave it a note secured by a mortgage on the farm. Much of the difficulty in the present case arises because a lawyer of high personal integrity undertook at almost concurrent times to represent plaintiffs, defendants Leonard, and the bank. Immediately after the $1,200 loan from the bank was made to the Leonards, although the attorney had previously represented the plaintiffs, though he claimed he did not represent them at that particular time, he prepared and filed a petition in bankruptcy for Earl C. Leonard. The $9,000 secured by the second mortgage was included in the schedules but the 1933 note for $1,000 was not included. When the bank learned that a petition in bankruptcy was filed immediately after the $1,200 mortgage loan was made but prior to the time the bank's money order, issued for the loan, was presented for payment, it notified Leonard that it would not go ahead with the loan. Thereupon Leonard with the same attorney, who also represented him in the bankruptcy petition as well as the bank, went to the bank's offices and returned the identical money order issued by the bank. The attorney testified that in the presence of defendant Leonard, he asked the bank to make an assignment of the $1,200 mortgage to plaintiff Plasger and wife. The bank, by its president, assigned the mortgage and note without recourse. The entry on the bank's records, however, stated that the mortgage was paid April 21,

1938. The attorney claimed that when the assignment of the bank mortgage was made, it was with Leonard's consent for the purpose of avoiding the expense of drafting ·a new mortgage and the payment of another specific mortgage tax. Leonard claims that he never consented ·to the assignment of the mortgage. The attorney, who had· in his possession the $1,000 note made in 1933 belonging to plaintiffs, placed an indorsement on it showing a payment of $1,200 by assignment of the bank mortgage of $1,200. He claims that he had been attorney for the Plasgers in the previous transaction, but that he was not their attorney at the time the loan to the bank was made or the assignment was made. As a matter of fact six months later, in October, 1938, the attorney wrote defendant Leonard a letter stating that he had contacted the bank and they would be willing to assign the note and mortgage to Plasger and requested the latter's wife to sign· and return a new note which was enclosed in the letter. This is not explained, though an assignment appears to have been previously executed by the bank. The assignment was not recorded until June, 1944, over six years after it was made out. The attorney also had placed it in his file and in the meantime evidently did nothing further about it. On or about May 2, 1944, over six years after the transaction took place, Leonard with his brother-in-law, defendant Preston, went to the bank. Its books showed that the mortgage was paid in full, and upon demand the bank executed a discharge of the same mortgage which it appears had previously been assigned. Plaintiffs and their attorney shortly thereafter went to the bank and an inspection of the books showed the notation ''paid in full.'' This notation was crossed out and a new entry, dated June 10, 1944, was made, showing that the mort-

gage was assigned. The notation "paid in full" was made April 21, 1938. The entire transaction was handled in a most careless manner. The attorney claimed that he again became attorney for the plaintiffs in 1939, but that when the assignment was made, he was attorney for the Leonards.

We need not discuss the alleged interest of defendants Preston and wife, who subsequently became interested in the mortgaged property. The testimony does support the finding of the trial judge that the Prestons had full notice of the conditions when they became interested many years after the mortgage was given. We find it also unnecessary to discuss many other details for there is one reason why plaintiffs cannot prevail. The record is convincing that the mortgage was paid in full almost immediately after it was executed. The same money order the bank issued to defendants Leonard when the loan was made was returned to the bank in satisfaction of the loan. The bank was paid not by any moneys furnished by plaintiffs or any third party so that equitable considerations might arise. It was paid by the money order it had issued to the Leonards. The loan simply ceased to exist. The note had been paid. Had plaintiffs furnished the money to pay the loan, there would be some basis to plaintiffs' claims. The mortgagee had no estate in land but only a chose in action. After a debt is discharged, an assignment of a mortgage without the debt is a mere nullity. *Ladue* v. *Railroad Co.,* 13 Mich. 380 (87 Am. Dec. 759).

Our conclusion makes it unnecessary to discuss the many other questions in the case.

We are constrained to reverse the decree of the lower court and * *one may be entered in this court*

* See opinion on application for rehearing, *post,* 565.

*dismissing plaintiffs' bill of complaint** and discharging the mortgage as prayed for in the cross bill filed by defendants. Defendants will recover costs.

STARR, C. J., and NORTH, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in the decision of this case.

## ON APPLICATION FOR REHEARING.

PER CURIAM. The petition for rehearing in the above-entitled cause is denied, but the case is remanded for the purpose of the circuit court passing upon the question whether the discharge of an earlier mortgage given on or about December 1, 1933, by defendants Leonard to plaintiffs should be set aside, and if so set aside whether a decree of foreclosure of said earlier mortgage should be entered as asked for by plaintiffs (cross-defendants) in their reply to defendants' answer and in their answer to defendants' (cross-plaintiffs') cross bill. Amended pleadings may be filed by the parties so as to more definitely present these issues not passed upon by the trial judge or decided on this appeal.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in the decision on this application for rehearing.

---

* See opinion on application for rehearing immediately following this opinion.—REPORTER.