HERITAGE HILL ASSOCIATION v KINSEY

Docket No. 78575. Submitted April 3, 1985, at Grand Rapids.—Decided November 5, 1985.

The Heritage Hill Association, and Mary Bruse, Carolyn Robinson, and Carol Snyder, residents of apartments in the residential building at 347 Union, S.E., in Grand Rapids, as well as Eldred L. Sterns, individually and as chairman of the 200-300 Union Block Club, brought an action in Kent Circuit Court against David R. and Mary Ann H. Kinsey, land contract vendors of 347 Union and William C. and Sandra L. Abrahamson, land contract vendees of 347 Union, alleging that there had been repeated housing code violations and that gas service had been terminated at 347 Union and seeking receivership of the building pursuant to the provisions of the Housing Law of Michigan. The trial court, George V. Boucher, J., refused to appoint a receiver, holding that the Housing Law of Michigan, which had provided for the appointment of a receiver, had been repealed through the operation of the provisions of the Public Health Code and that, even if the court had the statutory discretion to appoint a receiver, the court, in its discretion, would not appoint a receiver under these circumstances. Summary judgment was thereafter entered in favor of defendants. Plaintiffs appealed. *Held:*

1. The trial court erred in holding that the Public Health Code repealed the Housing Law of Michigan. The provision in the Public Health Code relating to the repeal of the Housing Law clearly provided that repeal would take effect when rules were promulgated under the housing provisions of the Public Health Code. Since no rules were ever promulgated under the housing provisions of the Public Health Code prior to the repeal of those provisions of the Public Health Code, the Housing Law was never effectively repealed by the Public Health Code.

2. While the trial court erred in its holding with respect to the repeal of the Housing Law, the plaintiffs have not chal-

REFERENCES FOR POINTS IN HEADNOTE

[1] Am Jur 2d, Housing Laws and Urban Redevelopment §§ 1 *et seq.*
Am Jur 2d, Statutes §§ 378-423.

lenged the trial court's exercise of its discretion in holding that, even if authorized, the court would not grant receivership under the circumstances. Accordingly, reversal is not mandated.

Affirmed.

STATUTES — HOUSING LAW — PUBLIC HEALTH CODE — REPEAL OF STATUTES — RECEIVERSHIP.

The Housing Law of Michigan was never effectively repealed by the Public Health Code, since the provision in the Public Health Code which provided for the repeal of the Housing Law also specifically provided that the repeal of the Housing Law would not take place until rules promulgated under the housing section of the Public Health Code took effect and no rules were promulgated under the housing section of the Public Health Code prior to the repeal of that section; accordingly, a circuit court still has the statutory authority to appoint a receiver pursuant to the provisions of the Housing Code (MCL 125.535[1], 333.25103; MSA 5.2891[15][1], 14.15[25103]).

*James Booth Burr, Jr.,* for plaintiffs.

Before: MacKENZIE, P.J., and CYNAR and WAHLS, JJ.

PER CURIAM. On March 23, 1984, plaintiffs filed a complaint and motion for receivership of a four-apartment residential building in the Heritage Hill Historic District of Grand Rapids, citing numerous housing code violations and disconnection of water, electrical and gas services. A hearing was held on March 30, 1984. Plaintiffs relied on MCL 125.535(1); MSA 5.2891(15)(1)[1] as providing authority for the court to appoint a receiver of the premises. The court ruled from the bench that the above statute had been repealed but that, in any event, the court would not appoint a receiver in the exercise of its discretion. An order granting

[1] The statutory provision, § 135(1) of the Housing Law of Michigan, provides:

"When a suit has been brought to enforce this act against the owner the court may appoint a receiver of the premises."

summary judgment to defendants was entered on May 9, 1984. Plaintiffs appeal as of right.

Plaintiffs present as their sole question on appeal whether the Housing Law of Michigan, MCL 125.401 *et seq.;* MSA 5.2771 *et seq.,* was repealed by the Public Health Code, MCL 333.1101 *et seq,;* MSA 14.15(1101) *et seq.*

In answering this question, our primary goal is to ascertain and give effect to the intention of the Legislature. *Browder v International Fidelity Ins Co,* 413 Mich 603, 611; 321 NW2d 668 (1982); *Miles ex rel Kamferbeek v Fortney,* 223 Mich 552, 557; 194 NW 605 (1923). Rules of statutory construction serve as guides to assist us. *Browder, supra.*

Section 25101 of the Public Health Code, MCL 333.25101; MSA 14.15(25101), repealed numerous acts and parts of acts. In the next four sections of the Public Health Code, the Legislature provided for repeal of some other statutes with specific conditions attached. Section 25103, MCL 333.25103; MSA 14.15(25103), of interest in this case, provides:

"Act No. 167 of the Public Acts of 1917, as amended, being sections 125.401 to 125.543 of the Compiled Laws of 1970, is repealed when all or the principal part of the rules promulgated under section 12211 take effect."

By 1980 PA 431, § 2, effective March 31, 1981, the housing section[2] of the Public Health Code was repealed. No rules had been promulgated under § 12211 before its repeal.[3] Therefore, the condition

[2] MCL 333.12201-333.12222; MSA 14.15(12201)-14.15(12222).

[3] On March 28, 1984, the Secretary of State certified that a search of records on file in the Department of State failed to disclose the filing of administrative rules by the Department of Public Health relating to minimum housing standards during the period September 30, 1978, through March 30, 1981. Our own research has not revealed any such rules to date in the Administrative Code.

for repeal of the Housing Law of Michigan had not been and apparently cannot be met. The condition for repeal of the Housing Law not being fulfilled, we conclude that the Housing Law is still in effect.

The lower court found otherwise, relying on § 25201 of the Public Health Code, MCL 333.25201; MSA 14.15(25201), which provides in part:

"(1) Where a section of this code authorizes or directs the promulgation of rules, including rules fixing fees, but rules dealing with the subject matter do not exist when the section takes effect, a statutory provision covering the matter, which is repealed by this code, shall nevertheless continue in effect until rules covering the matter take effect or for three years, whichever is sooner."

The lower court ruled that the three-year limit on the length of the time repealed statutes may remain in effect applied to the Housing Law. We cannot agree.

We first review the specific language of the relevant statutes. *Kalamazoo City Education Ass'n v Kalamazoo Public Schools,* 406 Mich 579, 603; 281 NW2d 454 (1979). We believe that § 25201(1) by its terms does not apply to § 25103. Section 25201(1) speaks of *repealed* statutes being given continuing effect until rules take effect. In contrast, the Housing Law specifically was not to be repealed until rules had taken effect.

Our review of § 25103 and § 25201(1) is supported by application of two other principles of statutory construction. First, "where, in the same statute, there is a specific provision and also a general provision which would include matters embraced in the specific provision, the specific provision shall control". *Bannan v Saginaw,* 120 Mich App 307, 319; 328 NW2d 35 (1982), *aff'd* 420 Mich 376; 362 NW2d 668 (1984). Here, we give

controlling effect to the specific provision of § 25103.

Second, "every word and phrase of the statute should be given meaning and not treated as mere surplusage or rendered nugatory". *Michigan Harness Horsemen's Ass'n v Racing Comm'r,* 123 Mich App 388, 391; 333 NW2d 292 (1983); *Bannan, supra,* p 320. If the Legislature intended that the three-year limit apply to the repeal of the Housing Law, it would not have provided the specific repealer in § 25103 but would have included the Housing Law in the long list of statutes named in § 25101 to which § 25201(1) clearly applies. Its separate treatment of the Housing Law persuades us to give effect to the condition for repeal as worded.

We hold that the court below erred in concluding that it was not authorized under the Housing Law to appoint a receiver. However, we do not reverse, because the court very clearly stated an alternative basis for its decision:

"I'm satisfied that we no longer have a State Housing Code.

"However, if I am incorrect in that assessment, and the Court still has statutory receivership powers under that statute, I note that the granting of receivership under the Housing Code is in terms of the discretion of the Court under all of the conditions that it deems fit. This moves us on to the second basis for receivership here in the law, as I understand the presentation of the Plaintiffs, and that is the general common law principles of receivership powers of the Court acting in equity."

After reviewing at length the principles of receivership, the court declined to exercise its assumed authority in favor of plaintiffs. On appeal, plaintiffs do not challenge the court's exercise of its

discretion so we will not review further the court's decision.

Affirmed.