FOOTE v CITY OF PONTIAC

Docket No. 92830. Submitted January 21, 1987, at Lansing. Decided June 16, 1987.

Plaintiff, Shirley A. Foote, doing business as Foote Realty, became a second mortgagee of a building in Pontiac, Michigan. On October 10, 1979, the second mortgage was recorded with the county register of deeds. On November 4, 1982, defendant, City of Pontiac, held a hearing relative to the condition of a building on the subject property, which allegedly constituted a nuisance. Plaintiff was not personally notified of the hearing before it occurred. Plaintiff did receive actual notice at some point after the hearing when she saw a copy of the notice that defendant affixed to the building. Plaintiff then contacted defendant's legal department and was informed that the building was not ordered demolished, but that the hearing had resulted in an order that the premises were to be made safe within ninety days from that date, and that any failure to comply would result in a rehearing before defendant's hearing officer. The parties dispute whether plaintiff indicated at this time that she held an interest in the building and requested notification of any further action relative to the subject property. On March 3, 1983, a rehearing was held and it was ordered that the building be demolished and cleared as an abatement of a nuisance. Plaintiff was not sent a notice of the hearing. On April 28, 1983, the Pontiac City Council affirmed the order of demolition. Plaintiff was not notified of this action. The subject building was then demolished. Plaintiff then brought an action

REFERENCES

Am Jur 2d, Health §§ 32, 33.

Am Jur 2d, Liens §§ 6 et seq.; 59 et seq.

Am Jur 2d, Notice §§ 25 et seq.

Am Jur 2d, Nuisances § 106.

Validity and construction of statute or ordinance providing for repair or destruction of residential building by public authorities at owner's expense. 43 ALR3d 916.

Constitutional rights of owner as against destruction of building by public authorities. 14 ALR2d 73.

See the annotations in the Index to Annotations under Notice and Knowledge.

against the defendant in the Oakland Circuit Court alleging that her property was taken without due process of law and that the statute relied on by the defendant in its demolition of the building had been repealed. The trial court, Hilda R. Gage, J., granted defendant's motion for summary disposition for failure to state a claim upon which relief may be granted. Plaintiff appeals from the order to that effect.

The Court of Appeals *held:*

1. Absent an entitlement to notice created by statute or local law, plaintiff's claim of a due process violation is unfounded. Since a mortgagee does not hold an estate in land as a technical matter, the Legislature may very well have decided that such a personal property interest does not compel the giving of notice. Since defendant fully complied with the notice provisions of the Housing Law, which provisions comport with procedural due process, the trial court correctly concluded that plaintiff failed to state a claim upon which relief can be granted.

2. The Housing Law was not repealed by the Public Health Code.

Affirmed.

1. NUISANCE — HOUSING LAW.

The Housing Law of Michigan establishes minimum requirements for the health, welfare and safety of a community and every city and local unit may establish requirements higher than those set out in the law (MCL 125.401 *et seq.*; MSA 5.2771 *et seq.*).

2. NUISANCE — DUE PROCESS — SECOND MORTGAGES — NOTICE.

A second mortgagee's right to due process is not violated when the second mortgagee is not given personal notice of proceedings brought by a municipality to demolish as a nuisance the building upon which the second mortgage is held where the municipality complied with the notice requirements contained in the Housing Law of Michigan (MCL 125.540; MSA 5.2891[20]).

3. MORTGAGES — REAL PROPERTY.

A mortgagee, as a matter of law, has no estate in land but merely a chose in action; a real estate mortgage does not transfer title to the land to the mortgagee, but creates a lien on the land in favor of the mortgagee to secure the debt.

4. NUISANCE — HOUSING LAW — DUE PROCESS — NOTICE.

The Housing Law of Michigan requires notice of a dangerous or

unsafe condition of a building or structure which is sufficient to comport with constitutional due process of law (MCL 125.540; MSA 5.2891[20]).

5. STATUTES — HOUSING LAW — PUBLIC HEALTH CODE.
   The Housing Law of Michigan was not repealed by the Public Health Code (MCL 125.401 *et seq.*, 333.1101 *et seq.*; MSA 5.2771 *et seq.*, 14.15[1101] *et seq.*).

*Julian M. Levant,* for plaintiff.

*Puleo, Noeske & Tarnavsky* (by *Richard H. Winslow*), for defendant.

Before: M. J. KELLY, P.J., and SAWYER and M. R. KNOBLOCK,* JJ.

M. R. KNOBLOCK, J. Plaintiff appeals as of right from an order of the circuit court granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8), for failure to state a claim upon which relief may be granted.

In 1979, plaintiff became a second mortgagee of a building located in Pontiac, Michigan. The second mortgage secured a $38,750 promissory note given to plaintiff by a third party on October 4, 1979. On October 10, 1979, the second mortgage was recorded with the Oakland County Register of Deeds.

On November 4, 1982, defendant held a hearing relative to the condition of a building on the subject property, which allegedly constituted a nuisance. Plaintiff was not personally notified of the hearing before it occurred. She did, however, receive actual notice at some point after the hearing was held when she saw a copy of the notice that defendant affixed to the building pursuant to MCL 125.540; MSA 5.2891(20).

Plaintiff testified that upon seeing the posted

---

* Circuit judge, sitting on the Court of Appeals by assignment.

notice she contacted defendant's legal department and was informed that the building was not ordered demolished, but that the hearing had resulted in an order that the premises were to be made safe within ninety days from that date, and that any failure to comply would result in a rehearing before defendant's hearing officer. She testified that she thereupon filed her name with the department requesting notification of any further action that defendant would take relative to the subject property. Defendant claims to have no record of having received any written communication or documentation indicating that plaintiff held an interest in the building.

On March 3, 1983, a rehearing was held and it was ordered that the building be demolished and cleared as an abatement of a nuisance. The interested parties as enumerated in MCL 125.540; MSA 5.2891(20) were sent notice of the rehearing and the notice was affixed conspicuously to the building. Defendant did not send a notice to plaintiff. On April 28, 1983, defendant held a review hearing before its city council, at which time the order of demolition was affirmed. Defendant again gave notice of this action to the parties as required by MCL 125.540; MSA 5.2891(20), but did not serve notice upon plaintiff. Thereafter, the subject building was demolished.

Plaintiff first claims on appeal that because she received no personal notice of the proceedings to demolish the building defendant's actions denied her an opportunity to be heard, constituting a taking of property without due process of law. Defendant asserts that it acted in full compliance with statutory authority that comported with procedural due process.

MCL 125.540; MSA 5.2891(20) provides in part as follows:

(1) Notwithstanding any other provision of this act, when the whole or any part of any building or structure is found to be in a dangerous or unsafe condition, the enforcing agency shall issue a notice of the dangerous and unsafe condition.

(2) Such notice shall be directed to the owner, agent or lessee registered with the enforcing agency in accordance with section 125. If no owner, agent or lessee has been registered, then the notice shall be directed to each owner of or party in interest in the building in whose name the property appears on the last local tax assessment records.

(3) The notice shall specify the time and place of a hearing on the condition of the building or structure at which time and place the person to whom the notice is directed shall have the opportunity to show cause why the building or structure should not be ordered to be demolished or otherwise made safe.

\* \* \*

(5) All notices shall be in writing and shall be served upon the person to whom they are directed personally, or in lieu of personal service may be mailed by certified mail—return receipt requested addressed to such owner or party in interest at the address shown on the tax records, at least 10 days before the date of the hearing described in the notice. If any person to whom a notice is directed is not personally served, in addition to mailing the notice, a copy thereof shall be posted upon a conspicuous part of the building or structure.

Plaintiff does not dispute defendant's assertion that it complied with the notice requirements contained in the statute but claims that failure to provide her with notice deprived her of due process of law. It does not appear that this Court has previously passed on the question of whether the Housing Law of Michigan, MCL 125.401 *et seq.*; MSA 5.2771 *et seq.*, requires notice sufficient to comport with constitutional due process of law.

The housing law establishes minimum require-
ments for the health, welfare and safety of the
community, and every city and local unit may
establish requirements higher than those set out
in the law. MCL 125.408; MSA 5.2778. Since plain-
tiff is merely a second mortgagee, she was not
registered with the enforcing agency[1] and did not
appear as the owner or a party in interest in the
last local tax assessment records. Absent an enti-
tlement to notice created by statute or local law,
plaintiff's claim of a due process violation is un-
founded.

As a matter of law, a mortgagee has no estate in
land but merely a chose in action. *Plasger v Leo-
nard,* 312 Mich 561, 564; 20 NW2d 296 (1945). A
real estate mortgage does not transfer title to the
land to a mortgagee, but creates a lien on the land
in favor of the mortgagee to secure the debt.
*McKeighan v Citizens Commercial & Savings
Bank of Flint,* 302 Mich 666, 670; 5 NW2d 524
(1942). Since a mortgagee does not hold an estate
in land as a technical matter, the Legislature may
very well have decided that such a personal prop-
erty interest does not compel the giving of notice.
The determination of whether a second mortgagee
should be entitled to notice is a policy determina-
tion which, in our opinion, is best left to the state
Legislature or the legislative body of the local unit
of government. Since defendant fully complied
with the notice provisions of the housing law,
which provisions comport with procedural due
process, we agree with the trial court's conclusion
that plaintiff has failed to state a claim upon
which relief can be granted.

Plaintiff's second issue on appeal concerns
whether the Housing Law of Michigan was re-

[1] MCL 125.525; MSA 5.2891(5).

pealed by the Public Health Code, MCL 333.1101 *et seq.*; MSA 14.15(1101) *et seq.* We agree with the conclusion of another panel of this Court which held in *Heritage Hill Ass'n v Kinsey,* 146 Mich App 803; 381 NW2d 831 (1985), that it was not.

Affirmed.