# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MAXINE BALDWIN,          )

                                    )

      Plaintiff,          )

                                    )

        v.                )       C.A. No. N20C-12-126 MMJ

                                    )

NEW CASTLE COUNTY,        )

                                    )

      Defendant.      )

Submitted: June 17, 2021
Decided: September 14, 2021

On Defendant's Motion to Dismiss
**GRANTED**

On Plaintiff's Motion to Amend the Complaint
**DENIED**

## OPINION

Maxine Baldwin, Plaintiff *Pro Se*

Nicholas J. Brannick, Esq., (Argued), New Castle County, New Castle, Delaware, *Attorney for Defendant*

**JOHNSTON, J.**

## FACTUAL AND PROCEDURAL BACKGROUND

### The Parties

Plaintiff Maxine Baldwin[1] brings this action against Defendant New Castle County (the "County"). Maxine challenges the property tax liens attached to the property located at 316 Wildel Avenue, New Castle, Delaware 19720 (the "Property").

On January 30, 2006, Maxine acquired the Property. On March 1, 2006, Maxine entered into two mortgage agreements (the "Mortgages") with Encore Credit Corp. ("Encore"), securing loans in the principal amounts of $155,400 ("First Mortgage") and $38,850 ("Second Mortgage"). The First Mortgage required the establishment of an escrow account to pay "taxes and assessments and other items which can attain priority over" the First Mortgage, namely property taxes and insurance. Because Encore created an escrow under the First Mortgage, Encore was not obligated to and did not create an escrow account under the Second Mortgage.

On September 25, 2008, Maxine conveyed the Property to Maxine's sister, Emily Baldwin.[2] Emily did not assume Maxine's obligations under the Mortgages. On April 4, 2014, the First Mortgage was assigned to LSF8 Master Participation Trust ("LSF8/Caliber").

---

[1] For the sake of clarity, the Court will refer to Maxine Baldwin as "Maxine". No disrespect is intended.

[2] For the sake of clarity, the Court will refer to Emily Baldwin as "Emily". No disrespect is intended.

## 2018 Tax Bill

On July 24, 2018, $310.00 in unpaid Fees and Penalties became a tax lien on the Property. The Fees and Penalities were transferred to the Property's 2018 Tax Bill, pursuant to Delaware law.[3] On September 27, 2018, the 2018 Tax Bill was paid in full, including the $310.00 in Fees and Penalties. The 2018 Tax Bill was paid by LSF8/Caliber out of the escrow account associated with the First Mortgage. Emily Baldwin was the owner of the Property when the 2018 Tax Bill was paid. Maxine Baldwin was still named under both Mortgages when the 2018 Tax Bill was paid.

Between 2017 and 2018, three separate fires occurred in the home on the Property.[4] These fires precipitated several enforcement actions by the County, resulting in the imposition of $11,554.30 in Fees and Penalties on the Property.[5] On March 9, 2019, Emily filed a lawsuit against the County challenging the Fees and Penalties and seeking reimbursement to Maxine's escrow account.[6] On March 12, 2019, Emily conveyed the Property to Emily's daughter, Cheri Black ("Black").[7] Black did not assume Maxine's obligations under the Mortgages. On April 22, 2019, a home insurance claim was filed, listing residential fire as the cause of loss.

---

[3] 25 *Del. C.* § 2901(a)(1); *see generally New Castle Cty. Code* §§ 6.01.001, *et seq.*
[4] *[Emily] Baldwin v. New Castle Cty.*, 2020 WL 204088, at *1 (Del. Super.), *rearg. denied*, 2020 WL 638858 (Del. Super.), *aff'd*, 2020 WL 6158118 (Del. 2020).
[5] *Id.*
[6] *[Emily] Baldwin*, 2020 WL 204088, at *2.
[7] *Id.*

### *2019 Tax Bill and Settlement Agreement*

On July 23, 2019, $11,554.30 in unpaid Fees and Penalties became a tax lien on the Property, and were transferred to the Property's 2019 Tax Bill, pursuant to Delaware law.[8]

On August 28, 2019, Maxine received the homeowners insurance claim proceeds. Specifically, Maxine received a check in the amount of $126,498.20, made payable to Maxine Baldwin and Caliber Home Loans, Inc.

On September 18, 2019, Maxine entered into a Settlement Acceptance Agreement (the "Settlement Agreement") with LSF8/Caliber. The Settlement Agreement provided that the First Mortgage would be released upon receipt of the homeowners insurance proceeds, in the amount of $126,498.20. The Settlement Agreement states: "Caliber Home Loans, Inc. will not pursue a deficiency judgment on the deficient balance." Maxine sent the check to Caliber Home Loans, Inc., the named insured on the check. On September 24, 2019, Caliber confirmed receipt of the homeowners insurance proceeds. Caliber informed Maxine that the terms of the Settlement Agreement were final and that the First Mortgage would be released.

On September 27, 2019, Caliber/LSF8 satisfied the Property tax lien when it paid the 2019 Tax Bill, including $11,554.30 in Fees and Penalties. The 2019 Tax

---

[8] 25 *Del. C.* § 2901(a)(1)(i)-(k); *see generally New Castle Cty. Code* §§ 6.01.001, *et seq.*

Bill was paid by LSF8/Caliber out of the escrow account associated with the First Mortgage.

Black was the owner of the Property when LSF8/Caliber paid the 2019 Tax Bill. Although the First Mortgage had been settled, Maxine was still the mortgagor under the Second Mortgage. LSF8/Caliber did not hold Black liable for its payment of the 2019 Tax Bill. LSF8/Caliber did not hold Maxine liable for its payment of the 2019 Tax Bill, because Maxine had obtained a complete release of liability under the First Mortgage prior to LSF8/Caliber's payment of the 2019 Tax Bill. On October 28, 2019, LSF8/Caliber filed a satisfaction of mortgage with the County Recorder regarding the First Mortgage.

## RELATED CASES

The instant litigation is one of five[9] related cases filed in this Court. Four of the cases are presently pending and originate from the source case, *[Emily] Baldwin v. New Castle County.*[10] The underlying facts are incorporated by reference. In *[Emily] Baldwin v. New Castle County,*[11] this Court issued an opinion dated January 13, 2020, dismissing Emily's claims against the County with prejudice. The Court found that Emily lacked standing to challenge the tax lien on the Property incurred

---

[9] (1) *[Maxine] Baldwin v. New Castle Cty.*, C.A. No. N20C-12-126 MMJ; (2) *Black v. New Castle Cty.*, C.A. No. N20C-07-220 MMJ; (3) *Black v. New Castle Cty.*, C.A. No. N20C-08-270 MMJ; and (4) *Black v. New Castle Cty.*, C.A. No. N21C-03-019 MMJ.
[10] *[Emily] Baldwin v. New Castle Cty.*, 2020 WL 204088, at *2 (Del. Super.), *rearg. denied*, 2020 WL 638858 (Del. Super.), *aff'd*, 2020 WL 6158118 (Del. 2020).
[11] *Id.*

during Emily's ownership because Emily was no longer owner of the Property and the tax lien ran with the Property.[12] On appeal, the Delaware Supreme Court affirmed this Court's decision.

The instant litigation involves the same subject, the same tax liens, and the same Property. On December 16, 2020, Plaintiff Maxine Baldwin filed a *pro se* complaint. On January 25, 2021, the County filed its Motion to Dismiss, with prejudice, pursuant to Superior Court Civil Rule 12(b)(6). On February 15, 2021, Maxine filed her Response to the County's Motion to Dismiss. On March 8, 2021, the County filed its Reply in Support of Motion to Dismiss. On March 31, 2021, Maxine moved to amend her original complaint to add Black as a plaintiff in this action.

On June 8, 2021, the County filed an Objection to Maxine's Motion to Amend Complaint. On June 16, 2021, Maxine filed a "Notice of Power of Attorney" with the New Castle County Prothonotary, purporting to designate Emily as Maxine's "Agent," authorized "to speak on Maxine's behalf in court on all civil cases." On June 17, 2021, the Court heard oral argument on Defendant's Motion to Dismiss and Plaintiff's Motion to Amend Complaint. At the hearing, the County moved to dismiss this case on the grounds that Emily Baldwin has been practicing law without a license.

---

[12] *Id.*

6

## MOTION TO DISMISS STANDARD

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must determine whether the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[13] The Court must accept as true all non-conclusory, well-pleaded allegations.[14] Every reasonable factual inference will be drawn in favor of the non-moving party.[15] However, the Court will "ignore conclusory allegations that lack specific supporting factual allegations."[16] "Dismissal is warranted where the plaintiff has failed to plead facts supporting an element of the claim, or that under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[17]

## ANALYSIS

Maxine claims a "due process" injury resulting from the payment of the 2018 and 2019 Tax Bills by LSF8/Caliber on September 27, 2018 and September 27, 2019. Maxine seeks relief in the form of the County's return to Maxine's escrow account of the $310.00 and the $11,554.30 payments made by LSF8/Caliber.

---

[13] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[14] *Id.*
[15] *Wilmington Sav. Fund. Soc'y, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super.) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005)).
[16] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998).
[17] *Hedenberg v. Raber*, 2004 WL 2191164, at *1 (Del. Super.).

The County raises three grounds for dismissing Maxine's claims: (1) the claim relating to the 2018 Tax Bill is time-barred; (2) Maxine has failed to state a claim for which relief can be granted; and (3) Maxine lacks standing to challenge the transfer of Fees and Penalties to the Tax Bills for a Property Maxine did not own.

### *Standing to Challenge Tax Liens*

Maxine alleges that because the challenged Fees and Penalties were incurred by Emily when Emily owned the Property, the County should not have transferred those Fees and Penalties to the 2019 Tax Bill after Emily had conveyed the Property to Black. The County responds that Maxine lacks standing because the challenged Fees and Penalties are tax liens that run with the Property, and Maxine's conveyance of the Property to Emily divested Maxine of any interest Maxine had in the Property.

Under 25 *Del. C.* § 2901(a)(1), several categories of fees and penalties automatically become tax liens on real property when they "are levied or imposed by [the County] and such charges become due."[18] Tax liens against property are owed by the current owner of the Property.[19] Because the tax liens are attached to the property, not the person,[20] the previous owner forfeits standing to challenge the

---

[18] 25 *Del. C.* § 2901(a)(1); 9 *Del. C.* § 2907(b); 29 *Del. C.* § 2901(a)(1)(i); *New Castle Cty. Code* § 14.02.004.A.1.

[19] *Ward v. Gray*, 374 A.2d 15, 17 (Del. Super. 1977) (each current owner of a property "has a liability for the taxes upon that property").

[20] *City of Wilm. v. Javene Co., Inc.*, 2014 WL 2895228, at *5 (Del. Super.), *aff'd*, 128 A.3d 992 (Del. 2015).

tax liens upon conveyance of the property.[21]  Section 14.02.004 of the New Castle County Code authorizes the County to transfer fees and penalties to property tax bills.[22]

This Court already has ruled on this identical standing issue in *[Emily] Baldwin v. New Castle County*.[23]  In *[Emily] Baldwin*, Plaintiff Emily claimed she had standing to challenge the Fees and Penalties because they were incurred by Emily before Emily had conveyed the property to her daughter, Cheri Black.  The Court rejected Emily's argument, finding that the challenged Fees and Penalties became Property tax liens that ran with the Property—and *not* with any individual Property owner.  Because Emily's conveyance of the Property to Black divested Emily of any interest Emily had in the Property, this Court held that Emily lacked standing to bring the challenge and dismissed Emily's claims against the County, with prejudice.[24]

Maxine challenges the same Fees and Penalties Emily had challenged in *[Emily] Baldwin v. New Castle County*.  Maxine's standing argument is virtually identical to Emily's standing argument.  Maxine does not dispute that the challenged Fees and Penalties were the types of fees and penalties that automatically become a

---

[21] *[Emily] Baldwin v. New Castle Cty.*, 2020 WL 204088, at *3 (Del. Super.), *rearg. denied*, 2020 WL 638858 (Del. Super.), *aff'd*, 2020 WL 6158118 (Del. Oct. 20, 2020).
[22] *New Castle Cty. Code* §§ 14.02.004, 6.12.02(C)(8) & App. 2.
[23] 2020 WL 204088 (Del. Super.), *rearg. denied*, 2020 WL 638858 (Del. Super. 2020), *aff'd*, 2020 WL 6158118 (Del. 2020).
[24] *[Emily] Baldwin*, 2020 WL 204088, at *3.

tax lien on a property and can be transferred to the property tax bill pursuant to 25 *Del. C.* § 2901(a)(1).

Just as Emily lacked standing to challenge the Property tax liens because Emily no longer owned the Property, Maxine lacks standing to challenge these Property tax liens because Maxine likewise no longer owns the Property. Maxine's argument that the Fees and Penalties incurred by Emily were improperly assessed on Black's Tax Bill also is unavailing. Contrary to Maxine's construction, application of 25 *Del. C.* § 2901(a)(1) does not turn on the identity of the owner of the property that incurred the Fees and Penalties. If it did, owners could simply evade tax liens by conveying the property. Therefore, under the applicable legal standard, and granting Maxine every reasonable inference, the Court finds that the County's motion to dismiss Maxine's challenge to the Property tax liens is hereby **GRANTED**.

### *Standing on Due Process Claim - Conveyance*

Maxine claims a due process injury resulting from LSF8/Caliber's payment of the Property tax liens. Maxine alleges that since the payments were taken from Maxine's escrow account, Maxine was forced to pay Fees and Penalties that were not Maxine's responsibility. Alternatively, Maxine argues that but for the payment, LSF8/Caliber would have credited any leftover home insurance proceeds to Maxine's Second Mortgage. Maxine further alleges that her status as a mortgage

10

holder on the Property entitled Maxine to notice under Delaware law before the County took the payment from the escrow account. Maxine argues she has standing to sue because Maxine's legal interest in the Property tax liens was harmed when the County failed to provide Maxine with notice, pursuant to Section 2901(b)(1) and Section PM 106.3.1.5.1.

The County responds that Maxine lacks standing to bring a due process claim because Maxine had no legal interest in the Property tax liens. Maxine had no legal interest in the Property tax liens because Maxine was not liable to LSF8/Caliber for their payment. Maxine was not liable for the tax liens because: (1) Maxine was not the owner of the Property; and (2) the terms of Maxine's Settlement Agreement with LSF8/Caliber precluded Maxine's liability. The County also claims Maxine lacks standing to bring a due process claim because Maxine suffered no harm from LSF8/Caliber's payment of the Property tax liens.

To have standing to bring a due process claim, the plaintiff must establish that an invasion of a legally-protected interest has occurred.[25] The plaintiff must have been harmed by the defendant's conduct.[26] A due process injury may be unfounded if there is no entitlement to receive notice under state or local law.[27]

---

[25] *Medina v. California*, 505 U.S. 437, 443 (1992).
[26] *Dover Historical Soc'y v. City of Dover Planning Comm'n*, 838 A.2d 1103, 1110 (Del. 2003).
[27] *Am. Home Mortg. Acceptance Corp. v. City of Detroit*, 2008 WL 4182047, at *1 (Mich. Ct. App. 2008) (citing *Foote v. City of Pontiac*, 409 N.W.2d 756 (Mich. Ct. App. 1987)); *see also Weiss v. State*, 2008 WL 444483, at *3 (Tex. Ct. App. 2008) (no due process violation for lack of notice of violations of Uniform Housing Code given to property manager where code only

The Court finds that Maxine lacks standing to bring a due process claim. Maxine was not entitled to notice under Delaware law. First, Maxine was not entitled to notice because the Fees and Penalties that became the Property tax liens were automatically imposed pursuant to 25 *Del. C.* § 2901(a)(1). Maxine's due process theory is premised on irrelevant code sections. Section 2901(a)(1) controls. Second, Maxine was not entitled to notice because Maxine was not the owner of the Property. Finally, Maxine was not entitled to notice because Maxine's decision to retain liability for the Mortgages after the Property was conveyed to Emily, and subsequently to Black, did not impose a notice obligation on the County. Neither due process nor Delaware law obligates the County to provide notice of property tax liability to a party that does not own the Property in question.

### *Standing on Due Process Claim - Settlement Agreement*

The County claims Maxine lacks standing because Maxine was not harmed by LSF8/Caliber's payment of the Property tax liens, since Maxine has been released from liability under the Settlement Agreement. Maxine executed the Settlement Agreement and received a release of liability for any deficiency on the First Mortgage before LSF8/Caliber paid the tax lien. The Settlement Agreement was finalized on September 18, 2019. On September 27, 2019, LSF8/Caliber paid the

---

required notice to titled property owner); *First Sec. Real Estate Corp. v. Stonestreet*, 2003 WL 22017781, at *1 (Mich. Ct. App. 2003) (party claiming interest in property not entitled to notice of tax sale where statute required notice only to titled property owner).

2019 Tax Bill out of the escrow account associated with the First Mortgage. Therefore, at the time LSF8/Caliber paid the Property tax liens, neither the escrow account nor the money paid out of the escrow account belonged to Maxine.

Both parties agree that the escrow account was funded by the home insurance proceeds paid out after the fires at the Property. Maxine contends that this gives Maxine standing to sue because the money in the escrow account was Maxine's money, not LSF8/Caliber's money. Maxine claims the funds in the escrow account were only there because Maxine had voluntarily funded the escrow account with the home insurance proceeds Maxine had received. Maxine alleges that, as a result, the County's collection of the payment for the Property tax liens from the escrow account forced Maxine to pay Fees and Penalties that were not Maxine's responsibility.

The County disputes that the home insurance proceeds ever belonged to Maxine. Although the check was made payable to Maxine *and* LSF8/Caliber, the insurance proceeds that funded the escrow account belonged to LSF8/Caliber, not to Maxine. LSF8/Caliber was the named insured under the homeowners insurance policy. Because the Property was LSF8/Caliber's collateral for the First Mortgage, LSF8/Caliber had a first lien on the homeowners insurance proceeds. When the collateral was lost due to fire, the insurance proceeds belonged to LSF8/Caliber.

13

Maxine claims a due process injury because, but for LSF8/Caliber's payment of the tax lien to the County, the money in the escrow account otherwise would have been "automatically" applied to Maxine's Second Mortgage. The County responds that since the First Mortgage and Second Mortgage were not covered by the same lender, Maxine's assertions that funds returned by the County to LSF8/Caliber would "automatically" be applied to Maxine's Second Mortgage are merely speculative.

To have standing to bring a due process claim, a party must establish: (1) harm due to "an invasion of a legally protected interest;"[28] (2) a causal connection between the injury and the defendant's conduct; and (3) a favorable decision is likely, rather than merely speculative, to redress the plaintiff's harm.[29]

This Court finds Maxine lacks standing to bring a due process claim because: (1) Maxine was not harmed by LSF8/Caliber's payment of the Property tax liens; and (2) Maxine fails to sufficiently plead any facts that show a favorable decision is likely to redress Maxine's claimed due process injury.

### *Motion to Amend*

Maxine seeks to amend her original complaint to name Cheri Black, the current owner of the Property, as a party to this lawsuit in order to overcome the

---

[28] *Dover Historical Soc'y v. City of Dover Planning Comm'n*, 838 A.2d 1103, 1110 (Del. 2003).
[29] *Dover Historical Soc'y v. City of Dover Planning Comm'n*, 838 A.2d 1103, 1110 (Del. 2003).

standing issues in this case. "[L]eave shall be freely given when justice so requires," but "should be denied when the proposed amendment would be futile."[30] A motion for leave to amend a complaint is futile where the amended complaint would be subject to dismissal under Rule 12(b)(6) for failure to state a claim.[31]

This Court finds that Maxine's proposed amendment ultimately would be dismissed under Rule 12(b)(6). It is futile. While it is true that Maxine lacks standing to challenge the Property tax liens because Maxine is not the current owner of the Property, this Court also finds Maxine lacks standing because Maxine was not harmed by LSF8/Caliber's payment of the Property tax liens. Maxine did not pay them and the Settlement Agreement released Maxine from future liability for the Property tax liens.

Similarly, adding Black to this litigation fails to overcome the standing issue in this case. Black may be the current owner of the Property, but Black did not pay the Property tax liens. Therefore, like Emily and Maxine before her, Black was not harmed by LSF8/Caliber's payment of the Property tax liens. Further, Maxine's proposed amended complaint will itself be subject to dismissal because it fails to cure the deficiencies of the Complaint. Maxine's due process theories still are

---

[30] Super. Ct. Civ. R. 15(a).
[31] *Incyte Corporation v. Flexus Biosciences, Inc.*, 2018 WL 6428155, at *9 (Del. Super.) (citing *Clark v. State Farm Mutual Automobile Insurance Company*, 131 A.3d 806, 811-12 (Del. 2016)).

incorrectly premised on an irrelevant statutory provision. Section 2901(a)(1) controls.

### *Unauthorized Practice of Law*

This case is a recent edition in the growing anthology of *Baldwin* litigation. It is clear to the Court that all four of these related cases originate from Emily and the facts underlying, *[Emily] Baldwin v. New Castle County.*[32] In *[Emily] Baldwin*, this Court issued an opinion dated January 13, 2020, granting the County's motion to dismiss all of Emily's claims with prejudice. On appeal, the Delaware Supreme Court affirmed this Court's decision.

In the aftermath of this Court's *[Emily] Baldwin* decision, Emily has claimed to act on behalf of Maxine Baldwin and Cheri Black in communications with the Court. Black filed a "Notice of Power of Attorney" with the New Castle County Prothonotary, designating Emily as Black's "Agent" authorized "to speak on [Plaintiff's] behalf in court on all civil cases." On June 16, 2021, Maxine filed a Notice of Power of Attorney, purporting to designate Emily as Maxine's "Agent."

At the June 17, 2021 motions hearing, Emily arrived prepared to "represent" Black and Maxine pursuant to the Powers of Attorney. When the Court did not permit this, Black claimed that a reading disability hinders Black's ability to put her

---

[32] *[Emily] Baldwin v. New Castle Cty.*, 2020 WL 204088, at *2 (Del. Super.), *rearg. denied*, 2020 WL 638858 (Del. Super.), *aff'd*, 2020 WL 6158118 (Del. 2020).

16

claims into her own words. Maxine claimed that a "processing disability" hindered her ability to put her claims in Maxine's own words. Both Black and Maxine conceded that Emily, a non-party in this litigation, had written all the pleadings filed in this litigation.

The County subsequently moved to dismiss this case on the grounds that Emily Baldwin was practicing law without a license and has been engaging in the unauthorized practice of law. The County contends this entire case has been orchestrated by Emily, and that Maxine is only bringing this litigation at Emily's behest and under Emily's direction.

This Court may dismiss claims by parties that are "represented" by someone engaged in the unauthorized practice of law.[33] The unauthorized practice of law occurs where someone not admitted to the Delaware Bar exercises legal judgment on a matter of Delaware law on behalf of another person.[34] A non-party lacks standing to file a lawsuit in a Delaware court.[35] A Power of Attorney does not permit an unlicensed non-party to bring claims on behalf of another. Powers of Attorney do not substitute for a license to practice law.

Having carefully reviewed the parties' submissions and the record below, the Court is convinced that Emily is instigating and managing this litigation. The

---

[33] *Townsend v. Integrated Mfg. and Assembly*, 77 A.3d 272, at *2 (Del. 2013)).
[34] *Id.*
[35] *Id.*

17

handwriting and writing style that appeared in subsequent handwritten *pro se* filings is identical to Emily's handwriting and writing style in *[Emily] Baldwin*, the source litigation against New Castle County.

The Court finds this case should be dismissed on the alternative basis that the real party at interest, Emily Baldwin, clearly is engaging in the unauthorized practice of law.[36] During the hearing, Black and Maxine were unable to respond to the most basic questions asked by the Court concerning the underlying facts and nature of their lawsuits. Emily repeatedly attempted to signal answers to Black and Maxine. The Court removed Emily from counsel table to the gallery, so as to prevent inappropriate and unauthorized communication. Emily has been found to lack standing to file a lawsuit in Delaware. Emily has not been admitted to the Delaware Bar. Therefore, Emily is engaging in the unauthorized practice of law when Emily exercises legal judgment on any matter of Delaware law on behalf of Maxine.

## CONCLUSION

The Court finds that Maxine lacks standing to challenge the transfer of Fees and Penalties to the Tax Bills. Maxine has no legal interest in the Property tax liens arising from the Fees and Penalties. Maxine did not own the Property at the time of transfer. Property tax liens are owed by the current owner of the Property. Maxine

---

[36] *Chang v. Children's Advocacy Center of Delaware, Inc.*, 2016 WL 7188105, at *4 (Del. Super.).

18

forfeited her standing to challenge the Property tax liens upon Maxine's conveyance of the Property to Emily. Additionally, the automatic transfer of the challenged Fees and Penalties to the Property Tax Bills was statutorily authorized pursuant to 25 *Del. C.* § 2901(a)(1). **THEREFORE,** the County's Motion to Dismiss Maxine's challenges to the Property tax liens is hereby **GRANTED, WITH PREJUDICE.**

The Court finds Maxine lacks standing to bring a due process claim because Maxine fails to allege sufficient facts to show that the standing requirements have been satisfied. Maxine had no legal interest in the Property tax liens attached to a Property Maxine no longer owns. Maxine was not entitled to notice of Property tax liens automatically imposed on the Property pursuant to Delaware law. Maxine's decision to retain liability for the Mortgages after Maxine conveyed the Property did not impose a notice obligation on the County. Maxine had no legal interest in the Property tax liens.

Additionally, Maxine was not harmed by payment of the Property tax liens because Maxine did not pay the Property tax liens and the Settlement Agreement released Maxine from future liability for the tax liens. Payment of the Property tax liens was made from the escrow account associated with the First Mortgage. The escrow account was funded by homeowner's insurance proceeds belonging to LSF8/Caliber, not to Maxine. Maxine executed the Settlement Agreement prior to LSF8/Caliber's payment of the Property tax liens out of the escrow account. The

19

Settlement Agreement released the First Mortgage and precluded Maxine's liability for any deficiency.

Maxine also fails to plead sufficient facts that granting Maxine's requested relief would *likely* redress Maxine's claimed due process injury. Any reimbursement of Property tax lien payments by the County would return to LSF8/Caliber. The returned funds are *unlikely* to be applied to Maxine's Second Mortgage because LSF8/Caliber is not the lender on Maxine's Second Mortgage.

**THEREFORE,** the County's Motion to Dismiss Maxine's due process claims is hereby **GRANTED, WITH PREJUDICE.**

Maxine's proposed amended complaint is futile. Adding Black to this litigation will not cure the deficiencies in the Complaint. Adding Black to this litigation does not overcome the standing issues. **THEREFORE,** Maxine's Motion to Amend Complaint is hereby **DENIED.**

**The Amended Complaint is hereby DISMISSED IN ITS ENTIRETY WITH PREJUDICE.**

**ANY FUTURE CLAIMS BROUGHT AT THE BEHEST AND UNDER THE DIRECTION OF EMILY BALDWIN WILL BE SUMMARILY DISMISSED ON THE GROUNDS THAT EMILY BALDWIN IS ENGAGING IN THE UNAUTHORIZED PRACTICE OF LAW.**

ANY FURTHER DIRECTLY-RELATED CLAIMS BROUGHT BY EMILY BALDWIN IN HER INDIVIDUAL CAPACITY WILL BE SUMARILLY DISMISSED UNDER THE DOCTRINE OF *RES JUDICATA*.

IT IS SO ORDERED.

The Honorable Mary M. Johnston